[No. S070960. Aug. 19, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
LESTER KELII, Defendant and Appellant.

**COUNSEL**

Gary M. Mandinach, under appointment by the Supreme Court, and Sylvia Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka, Sanjay T. Kumar and Alan D. Tate, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CHIN, J.**—In *People* v. *Wiley* (1995) 9 Cal.4th 580 [38 Cal.Rptr.2d 347, 889 P.2d 541] (*Wiley*), we held that the court, rather than the jury, determines whether prior serious felony convictions were brought and tried separately. In this case, we address an issue we left open in *People* v. *Woodell* (1998) 17 Cal.4th 448, 460-461 [71 Cal.Rptr.2d 241, 950 P.2d 85]: whether the court or the jury determines if a prior felony conviction qualifies as a "serious felony" for purposes of the "Three Strikes" law. (Pen. Code, §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)[1] Both *Wiley* and this case turn primarily on an interpretation of sections 1025 and 1158. We conclude that the court, not the jury, determines whether a conviction is serious.

A jury convicted defendant of two counts each of second degree burglary and grand theft, committed in January 1995. It subsequently found defendant had previously suffered three burglary and one attempted burglary convictions. The trial court later found that the prior convictions were of first degree or attempted first degree burglary and hence were residential and qualified as serious felonies. It sentenced defendant to state prison for 25 years to life. On appeal, defendant argued that the jury, not the court, should have determined whether his prior convictions qualified as serious felonies. The Court of Appeal disagreed. It remanded the matter for a reason not relevant to the issue before us and otherwise affirmed the judgment. We granted review.[2]

"Various sentencing statutes in California provide for longer prison sentences if the defendant has suffered one or more prior convictions of specified types. A highly publicized example is the 'Three Strikes' law adopted in 1994, which is involved in this case. [Citation.] In general, this 'legislation provides longer sentences for certain prior serious or violent felonies popularly denoted "strikes" ' [Citation.]" (*People* v. *Woodell, supra,* 17 Cal.4th at p. 452.) ▪ In this case, the jury determined that defendant

---

[1] All further statutory references are to the Penal Code.

[2] Originally, we granted both defendant's petition to review the question who decides whether a conviction was serious, and the Attorney General's petition to review unrelated sentencing issues. Later, we limited the issues to the one raised in defendant's petition. (Cal. Rules of Court, rule 29.2(b).)

suffered the prior burglary convictions, but the court determined that they qualified as serious felonies for purposes of the Three Strikes law. Defendant argues that the jury should have made both determinations.

We addressed a similar question in *Wiley, supra,* 9 Cal.4th 580. In that case, we considered the requirement of section 667, subdivision (a)(1) (not part of the Three Strikes law), that serious felony convictions must have been "brought and tried separately" for a court to impose separate enhancements for each. We held that the court, not the jury, makes this determination. (*Wiley, supra,* 9 Cal.4th at pp. 583, 592.) First, we concluded that defendants have "no constitutional right to have a jury determine factual issues relating to prior convictions alleged for purposes of sentence enhancement." (*Id.* at p. 589; see also *id.* at pp. 585-586 [discussing federal Constitution], 586-589 [discussing state Constitution].)

This conclusion did not itself dispose of the question. We noted in *Wiley* that "California is one of a minority of states that, by statute, has granted defendants the right to have a jury determine the truth of such prior conviction allegations." (*Wiley, supra,* 9 Cal.4th at p. 589.) When we decided *Wiley* and when the crimes and sentencing of this case occurred, section 1025 provided that if a defendant denies the prior conviction allegation, " 'the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty . . . .' " Similarly, section 1158 stated, and still states, that when a defendant is found guilty, and the accusatory pleading also alleges a prior conviction, " 'the jury, or the judge if a jury trial is waived, must . . . find whether or not he has suffered such previous conviction.' " (*Wiley, supra,* 9 Cal.4th at p. 589.) But these statutes "are limited in nature . . . ." (*Ibid.*) "By their terms, sections 1025 and 1158 grant a defendant the right to have the jury determine only whether he or she 'suffered' the alleged prior conviction, and not whether multiple prior convictions were separately brought and tried." (*Ibid.*)

This case does not involve whether prior convictions were brought and tried separately, but whether they qualify as strikes under the Three Strikes law. Specifically, the burglary convictions of this case are strikes only if they were residential. (§ 1192.7, subd. (c)(18); see §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) But the holding and rationale of *Wiley* apply equally to this case. Sections 1025 and 1158 require the jury to determine whether the defendant "has suffered" the prior convictions. The jury here *did* make that determination. *Wiley* states that an additional determination, such as whether the convictions were brought and tried separately, is "a matter for the court, because that question is largely legal in nature. As is demonstrated

by the numerous decisions that have considered the proper application of the requirement that the prior charges be 'brought and tried separately,' resolution of this issue frequently depends upon the interpretation of complex and detailed provisions of California criminal procedure. [Citations.] Although there are, of course, some underlying 'facts' that are relevant to the determination as to whether charges have been 'brought and tried separately,' such as the filing of charges either in a single complaint or multiple complaints, such facts generally are readily ascertainable upon an examination of court documents. This is the type of inquiry traditionally performed by judges as part of the sentencing function." (*Wiley, supra,* 9 Cal.4th at p. 590.)

Determining whether a prior conviction qualifies as a strike under the Three Strikes law is also the type of inquiry that judges traditionally perform as part of the sentencing function. Often this determination is purely legal, with no factual content whatever. The Three Strikes law defines a strike as, among other things, "any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) Section 1192.7, subdivision (c), lists some felonies that are per se serious felonies, such as murder, mayhem, rape, arson, robbery, kidnapping, and carjacking. If a defendant's prior conviction falls into this group, and the elements of the offense have not changed since the time of that conviction, then the question whether that conviction qualifies as a serious felony is entirely legal.

Sometimes the determination does have a factual content, just as the question whether convictions were brought and tried separately has a factual content. As we explained in *Woodell,* "Sometimes the definition of the qualifying prior conviction is not completely congruent with the definition of the crime of which the defendant has been convicted. For example, in [*People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150]], the alleged prior conviction was for a ' "burglary of a residence." ' (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 346 [quoting Pen. Code, former § 1192.7, subd. (c)(18)].) The statutory use of the phrase, 'burglary of a residence,' posed a problem because 'there is no offense specifically so defined in the Penal Code.' (*Guerrero, supra,* at p. 346.) A particular burglary conviction might or might not have involved a residence." (*People* v. *Woodell, supra,* 17 Cal.4th at p. 452.)

But these factual questions are of limited scope. In determining whether a prior conviction is serious, "the trier of fact may look to the entire record of the conviction" but *"no further."* (*People* v. *Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150], original italics.) Thus, no witnesses

testify about the facts of the prior crimes. The trier of fact considers only court documents. It is true that sometimes the trier of fact must draw inferences from transcripts of testimony or other parts of the prior conviction record. (See, e.g., *People* v. *Reed* (1996) 13 Cal.4th 217, 220 [52 Cal.Rptr.2d 106, 914 P.2d 184].) But the factual inquiry, limited to examining court documents, is not significantly different from the one we considered in *Wiley*. "[S]uch facts generally are readily ascertainable upon an examination of court documents. This is the type of inquiry traditionally performed by judges as part of the sentencing function." (*Wiley*, *supra*, 9 Cal.4th at p. 590.) Accordingly, the statutory right to have a jury decide whether the defendant "has suffered" (§§ 1025, 1158) the prior conviction does not include the inquiry whether the conviction qualifies as a strike.

Defendant argues that a recent amendment to section 1025 supports his position. Effective January 1, 1998, section 1025 is divided into subdivisions. Subdivisions (b) and (c), the pertinent ones, provide as relevant: "(b) Except as provided in subdivision (c), the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty . . . . [¶] (c) Notwithstanding the provisions of subdivision (b), the question of whether the defendant is the person who has suffered the prior conviction shall be tried by the court without a jury." (Stats. 1997, ch. 95, § 1.)

Defendant argues that the Legislature has removed from the jury the question of his identity as the person who suffered the conviction but, by implication, has left all other factual determinations for the jury. We disagree. We first note that the amendment postdated the crimes and sentencing of this case, so it does not apply here. But more fundamentally, the amendment does not support defendant's position. The new section 1025, subdivision (b), is substantially identical to the relevant portion of the previous version of section 1025. Only subdivision (c) is new. That subdivision clearly *narrows*, rather than expands, the jury's role. It does not overrule *Wiley*'s interpretation of section 1025 or expand the jury's role beyond determining whether the defendant "has suffered" the prior conviction. The passage of this narrowing legislation soon after we narrowly interpreted the same statute strongly suggests legislative approval of our interpretation. This is not merely a case of legislative inaction, which provides at most a weak inference of legislative approval (see *People* v. *Escobar* (1992) 3 Cal.4th 740, 750-751 [12 Cal.Rpt.2d 586, 837 P.2d 1100]), but a case of a legislative reenactment of a statute we just interpreted, which does imply legislative approval. ■ " 'Where a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and

approves of it.' " (*Wilkoff* v. *Superior Court* (1985) 38 Cal.3d 345, 353 [211 Cal.Rptr. 742, 696 P.2d 134]; see also *People* v. *Bouzas* (1991) 53 Cal.3d 467, 475 [279 Cal.Rptr. 847, 807 P.2d 1076].)

The legislative history of the amendment to section 1025 is inconclusive but, if anything, supports our view of its significance. As introduced on February 28, 1997, Senate Bill No. 1146 (1997-1998 Reg. Sess.) would have amended section 1025 to provide that "the question whether or not [the defendant] has suffered the previous conviction shall be tried by the court." A bill analysis prepared for the Senate Committee on Public Safety states that the bill's primary purpose "is to save the cash-strapped trial courts millions of dollars per year in needless jury trials of prior conviction enhancements." (Sen. Com. on Public Safety, Statement on Sen. Bill No. 1146 (1997-1998 Reg. Sess.) May 6, 1997.) Several of the legislative documents analyzing the bill cite *Wiley, supra,* 9 Cal.4th 580, with apparent approval, indicating the Legislature was indeed aware of its existence. Eventually, the bill was amended to have section 1025 read as it now does, which preserves a role for the jury.

Nothing in the legislative history suggests the Legislature desired to *expand* the jury role in questions of prior convictions or to overrule *Wiley.* To the contrary, the bill's express purpose was to reduce significantly the number of jury trials on prior conviction allegations. The final statutory language appears to have been a compromise, limiting the bill's reach to eliminate jury trials only on the issue of identity and to leave the law otherwise unchanged. The Legislature seemed to want to leave other issues, such as those of *Wiley* and this case, for judicial decision. Thus, if the former version of section 1025 did not grant a jury trial on these issues—and we conclude it did not—the current version also does not.

This leaves the final question of exactly what role the jury does play under section 1025. Perhaps because the final statutory enactment was a compromise, with the Legislature reducing, but not entirely eliminating, the jury's role, the answer is not readily apparent. The trial court might choose to determine first whether the defendant is the person who suffered the conviction. A determination that the defendant is not that person would clearly end the matter. If, however, as would usually be the case, the court finds the defendant is that person, the jury apparently would then make a determination like the one it made in this case—that the defendant suffered the prior burglary and attempted burglary convictions. The court would, however, instruct the jury to the effect that the defendant is the person whose name appears on the documents admitted to establish the conviction. This procedure would appear to leave the jury little to do except to determine whether

those documents are authentic and, if so, are sufficient to establish that the convictions the defendant suffered are indeed the ones alleged. Whether this role makes sense is not for us to say. If the Legislature wants to provide a greater, or more precisely defined, role for the jury, or chooses to eliminate the jury altogether as many states have done, it may still do so. In the meantime, we must interpret the amendment to section 1025 as we find it—narrowing but not entirely eliminating the jury's role.

We affirm the judgment of the Court of Appeal.

George, C. J., Baxter, J. and Brown, J., concurred.

**WERDEGAR, J.,** Concurring and Dissenting.—I concur in the majority opinion insofar as it affirms the judgment of the Court of Appeal upholding defendant's sentence. I do so under compulsion of *People* v. *Vera* (1997) 15 Cal.4th 269 [62 Cal.Rptr.2d 754, 934 P.2d 1279] (*Vera*), in which a majority of this court held that violation of a defendant's statutory right to a jury trial of an alleged prior conviction enhancement is not a structural error and, hence, is waived by a defendant's failure to object in the trial court. By parity of reasoning, a violation of the right is subject to harmless error analysis. Here, although defendant essentially objected because he moved to strike the prior convictions on the ground the trial court did not permit the jury to decide whether the convictions were "serious" under the "Three Strikes" law, the undisputed facts show a properly instructed jury could have reached no conclusion other than that defendant's prior burglary convictions were residential and, hence, qualified as serious. Accordingly, the error in removing the question from the jury must be deemed harmless.

I dissent, however, from the majority's determination that defendant had no right to a jury trial as to whether his prior convictions qualified as serious felonies. As in *People* v. *Wiley* (1995) 9 Cal.4th 580 [38 Cal.Rptr.2d 347, 889 P.2d 541] (*Wiley*), here, too, a majority of this court misapprehends the meaning and import of Penal Code[1] sections 1025 and 1158, thereby depriving criminal defendants in California, charged with having suffered prior felony convictions, of the most basic procedural protection granted them by our Legislature: the right to a jury determination of the truth of those charges. Compounding its error, the majority in this case also disregards the clear import of a post-*Wiley* statutory amendment to section 1025. As a result, defendant will suffer a 25-year-to-life prison term without ever having had a jury determine whether his prior burglary convictions in fact qualified as serious felonies mandating his sentence under our Three Strikes law.

---

[1]All statutory references are to the Penal Code.

As the majority recognizes, defendant's entitlement to a jury determination of the truth of his alleged prior felony convictions is based on neither the state nor the federal Constitution. (*Wiley, supra,* 9 Cal.4th at pp. 585-586; *Vera, supra,* 15· Cal.4th at p. 286 (dis. opn. of Werdegar, J.).) Rather, the matter is governed by two statutory provisions: sections 1025 and 1158. Section 1025, at the time of defendant's crime, provided in pertinent part that "[w]hen a defendant who is charged in the accusatory pleading with having suffered a previous conviction pleads either guilty or not guilty of the offense charged against him, he must be asked whether he has suffered such previous conviction. . . . If he answers that he has not, his answer must be entered in the minutes of the court, *and the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty,* or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived." (Stats. 1951, ch. 1674, § 88, p. 3844, italics added.)[2] Section 1158, in turn, provides that "[w]henever the fact of a previous conviction of another offense is charged in an accusatory pleading, and the defendant is found guilty of the offense with which he is charged, *the jury,* or the judge if a jury trial is waived, *must . . . find whether or not he has suffered such previous conviction.*" (Italics added.)

By these statutes, the Legislature has decreed that criminal defendants are entitled to have a *jury* determine whether or not they have suffered an alleged prior conviction for a serious felony. The majority ignores the plain meaning of these statutes to conclude a defendant's right is limited to having a jury determine whether the defendant "has suffered" the prior, not whether the prior was for a "serious felony" as defined by section 1192.7, subdivision (c).[3] To reach this erroneous conclusion, the majority engages in the same flawed reasoning that led astray a majority of this court in *Wiley, supra,* 9 Cal.4th 580. Thus, the majority asserts the issue is more appropriate for the trial court because it is " 'largely legal in nature' " (maj. opn., *ante,* at p. 455) and is an issue "traditionally" resolved by trial judges (*id.* at pp. 456-457). Neither reason withstands scrutiny.

---

[2]The current version of section 1025 is essentially the same, with the exception of the addition of new language appearing in subdivision (c), discussed *post.* (See Stats. 1997, ch. 95, § 1.)

[3]In most instances, the question will be one and the same. That is, a jury that finds a defendant has suffered a prior conviction for one of the offenses listed in section 1192.7, subdivision (c) will, by definition, have found he committed a felony that is "serious." With respect to residential burglary, however, the matter is more complicated. A mere finding, as here, that defendant previously was convicted of the crime of burglary is insufficient to determine his prior was "serious." That determination requires the further finding (here, made by the court) that the burglary was "of an inhabited dwelling house . . . or the inhabited portion of any other building" (§ 1192.7, subd. (c)(18)).

As I explained in my dissenting opinion in *Wiley, supra,* 9 Cal.4th at page 598, "the majority's construction ignores the actual language of the provisions relied on. Under sections 1025 and 1158, the defendant must admit or deny, and if denied, the People must prove the defendant suffered 'such previous conviction.' The antecedent of 'such' in section 1025 is the previous conviction 'charged in the accusatory pleading.' The charge of a prior serious felony conviction, within the meaning of sections 667 and 1192.7, impliedly alleges all of the necessary factual elements of the enhancement. [Citations.] Consequently, a defendant's denial of a prior conviction alleged in the information puts at issue all facts necessary to the enhancement, i.e., each factual element of the charge. [Citation.]" (Dis. opn. of Werdegar, J., fn. omitted.) In other words, sections 1025 and 1158 require a jury trial on all the elements of the particular enhancement alleged under the Three Strikes law, not merely the general question whether the defendant suffered a specified prior conviction. Hence, these sections require the jury to determine, in those circumstances where the mere specification of the alleged prior does not, whether the prior conviction was in fact for an offense that qualifies as a "serious" felony.

*Wiley, supra,* 9 Cal.4th 580, does not compel the result in this case. *Wiley* held only that the determination of whether *proven prior serious felony convictions* had been "brought and tried separately" was a legal question for the court. (*Id.* at p. 590.) In extending *Wiley* to apply to the determination whether a defendant's alleged priors were such as would qualify as "serious," the majority impliedly rejects this court's distinction in *Wiley* between the factual determination whether the defendant had suffered two prior convictions of serious felonies, a question for the jury, and the legal question whether the two priors had been brought and tried separately, a matter for the court. (*Ibid.*) The majority thus perpetuates the error made in that case, refusing to give weight to the Legislature's considered judgment that—despite the absence of a constitutional obligation—criminal defendants should be protected from erroneous determinations of their status by requiring a jury to resolve this important question. Enactment of the Three Strikes law, in which prior felony convictions can be the trigger for imposition of a life sentence, makes such caution all the more important.

Of particular significance, in my view, is that since we decided *Wiley, supra,* 9 Cal.4th 580, the Legislature has acted, amending section 1025 by adding the language in subdivision (c): "Notwithstanding the provisions of subdivision (b) [providing for trial of alleged priors by jury], the question of whether the defendant is the person who has suffered the prior conviction shall be tried by the court without a jury." It thus appears the Legislature, presumably cognizant of *Wiley,* determined to remove from the jury and give

to the trial court one aspect of the prior felony determination—the offender's identity. The obvious implication of subdivision (c) is that by excepting the question of the offender's identity from the general jury trial requirement—a requirement this court acknowledged in *Wiley, supra,* 9 Cal.4th at pages 589-590—the Legislature assumed the remainder of the determination would be for the jury, as in fact it was in *Wiley,* where the jury made the determination the defendant "had suffered two prior convictions of serious felonies under section 667(a)" (*id.* at p. 590). Had the Legislature believed otherwise, it would have had no reason specifically to amend the law to give to the trial court the determination of identity.

The majority misinterprets the amendment to section 1025, reasoning the new language *narrows* the jury's role rather than *expands* it. (Maj. opn., *ante,* at p. 458.) Certainly subdivision (c) narrows the jury's role for questions of identity; it eliminates that role. The clear implication, however, is that for the balance of the component parts of the inquiry the jury is the proper trier of fact. To conclude the amendment to section 1025 leaves intact the jury's role in determining the remaining components of the prior felony conviction determination is not to "expand" anything; it is merely to leave for the jury that which it has always had, i.e., the duty to decide "whether or not [an accused] has suffered such previous conviction" (§§ 1025, 1158), in this case, a previous conviction for a serious felony.[4]

The evidence being undisputed that defendant's prior convictions were in fact serious, as defined by section 1192.7, subdivision (c), the error in this case must be deemed harmless under the reasoning of this court's opinion in *Vera, supra,* 15 Cal.4th 269. I concur in the court's judgment today on that

---

[4]I agree with the majority that "[t]he legislative history of the amendment to section 1025 is inconclusive." (Maj. opn., *ante,* at p. 458.) Although the majority reads the legislative history to support its position, there is contrary evidence. For example, an Assembly report notes the following: "2) <u>Since This Bill States that the Judge Determines Who Suffered the Prior Conviction, What Is the Jury's Role Concerning that Conviction?</u> When the prosecutor alleges in a criminal complaint or information that the defendant suffered a particular prior conviction, *there are several potential issues* (although it is rare for a defendant to raise more than one or two of them): [¶] Was someone convicted? What was the offense? What is the date of the conviction? In what court was the person convicted? Is the defendant the person who suffered the prior conviction? In some cases, there are additional questions, such as was the defendant sentenced to prison based on that conviction? How long has the defendant been out of custody since he or she suffered the prior conviction? [¶] *Under current law, the jury determines all of these questions . . . ."* (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1146 (1997-1998 Reg. Sess.) as amended June 19, 1997, p. 2, underscoring in original, italics added.)

The historical record thus contains significant evidence that the Legislature, in amending section 1025 to provide that the offender's identity should be decided by the trial court, believed the balance of the decision whether the accused suffered a prior serious felony conviction would be made by the jury.

basis alone. Because, however, the majority's opinion extends *Wiley* to deprive criminal defendants of that which the Legislature has granted them, namely, a right to a jury determination of the seriousness of prior felony convictions alleged against them, I dissent from the opinion.

**KENNARD, J.**—I dissent.

For the reasons stated in Justice Werdegar's concurring and dissenting opinion in this case, and previously expressed in her dissenting opinion in *People* v. *Wiley* (1995) 9 Cal.4th 580, 595-605 [38 Cal.Rptr.2d 347, 889 P.2d 541], which I joined, defendant has a right to a jury trial on the issue of whether his prior convictions were for serious felonies. Thus, in precluding the jury from determining that issue, the trial court here erred. Unlike Justice Werdegar, however, I do not consider the error to be harmless. As I explained in my dissenting opinion in *People* v. *Vera* (1997) 15 Cal.4th 269, 282-286 [62 Cal.Rptr.2d 754, 934 P.2d 1279] (dis. opn. of Kennard, J.)), "[t]he denial of jury trial is a structural error that can never be harmless, no matter how strong the evidence of guilt." (*Id.* at p. 286.)

Mosk, J., concurred.

Respondent's petition for a rehearing was denied September 29, 1999.