89 Cal.Rptr.2d 641 (2000)
75 Cal.App.4th 1011
The PEOPLE, Plaintiff and Respondent,
v.
Jesse Patrick RAMIREZ, Defendant and Appellant.
No. B124850.
Court of Appeal, Second District, Division Five.
October 22, 1999.
Review Granted January 13, 2000.
*642 Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, John R. Gorey, Supervising Deputy Attorney General, and Stephanie A. Mitchell, Deputy Attorney General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]
WEISMAN, J.[**]

I. INTRODUCTION
Defendant Jesse Patrick Ramirez appeals from a judgment of conviction following a bifurcated trial. The jury convicted defendant of second degree robbery (Pen. Code[1], § 211) as charged in count 1, and *643 found true an allegation that defendant personally used a deadly weapon (a knife) in the commission of the robbery in count 1 (§ 12022, subd. (b)(1)). The jury also convicted defendant of assault with a deadly weapon (a knife) as charged in count 2. (§ 245, subd. (a)(1).) The trial court found that defendant did not have a right to a jury trial as to: whether he had suffered two prior convictions for serious or violent felonies alleged under the "Three Strikes" law (§§ 667, subds.(b)-(i), 1170.12, subds. (a)-(d)); whether he had suffered two prior convictions of serious felonies (§ 667, subd. (a)(1)); and whether he had served a prison term for a prior felony conviction (§ 667.5, subd. (b)). Over defendant's objection, the trial court conducted a court trial on the alleged prior convictions. The trial court found that defendant had suffered prior serious or violent felony convictions for robbery and for assault with a deadly weapon and sentenced defendant pursuant to the Three Strikes law to a total term of 36 years to life on count 1, consisting of 25 years to life for the robbery conviction plus five years on each of the two prior serious felony convictions and one year for the personal use of the knife enhancement. On count 2, the trial court imposed a term of 25 years to life under the Three Strikes law, but ordered that term be served concurrently with the term on count 1. The trial court dismissed the prior prison term allegation on motion of the People pursuant to section 1385.
Defendant contends that: (1) the trial court erred when it denied him a jury trial as to whether he suffered the alleged prior felony convictions; (2) the evidence presented to the trial court was insufficient to support the finding that the prior assault with a deadly weapon conviction constituted a "strike" since there was no proof that the defendant personally used the deadly weapon; and (3) the trial court erred when it failed to make a finding "during" the bifurcated court trial that the prior robbery conviction was true. We find that defendant had a statutory right to a jury trial on the limited issue of whether the prior convictions were indeed the same ones alleged in the instant case, but we conclude that the denial of that statutory right constituted harmless error in this case. We also find that the trial court expressly found the alleged prior robbery conviction to be true within moments of receiving evidence and argument of counsel at the bifurcated trial on the priors and before actually sentencing the defendant immediately after the bifurcated trial on the priors, and therefore conclude that the "timing" of the finding in this case did not constitute error. Finally, we find the evidence relating to the prior assault with a deadly weapon conviction was insufficient to prove that defendant personally used a deadly weapon, which is a requirement for the conviction to constitute a prior serious felony that would qualify as a "strike." Since double jeopardy does not apply to trials on sentencing enhancement issues, we remand the case to the trial court for the limited purpose of determining whether the alleged prior conviction for assault with a deadly weapon involved personal use of a deadly weapon. If the trial court determines that it did involve personal use of a deadly weapon, then the sentence imposed will stand. If the trial court determines that it did not involve personal use, the trial court will then have to find that it does not constitute either a "strike" under the Three Strikes law or a prior serious felony conviction under section 667, subdivision (a)(1), and will have to resentence defendant accordingly. In all other respects, we will affirm the judgment.

II. FACTUAL SUMMARY
On April 17, 1998, at approximately 8 p.m., Ashok Tragala was working at Jay's Market in Azusa. His daughter, Hetal Tragala, was with him at the market at that time. Defendant entered the market and asked Ashok for a package of cigarettes. Both Ashok and Hetal recognized defendant as a prior store customer. Ashok had seen defendant as a customer about 15 or 20 times during the previous few *644 months. When Ashok put the cigarettes on the counter, defendant came around the counter and put a knife to Hetal's neck. Defendant told Ashok to open the cash register and get down on the floor. Ashok opened the register and proceeded to get on the floor. Defendant then took all the money from the cash register and ran away. Los Angeles County Deputy Sheriff Peter Vandenberg arrived at the market within five minutes. He found a knife about 50 feet north of the market and showed it to Ashok. Ashok identified the knife as the one that defendant had held to the neck of his daughter. Defendant's fingerprint was found on the knife.

III. DISCUSSION

A. The Right to a Jury Trial as to Whether the Prior "Strike" Convictions Suffered by Defendant Are the Same Priors That Are Alleged in the Information

Defendant contends that the trial court committed reversible error when it ruled he was not entitled to a jury trial relating to the truth of the alleged prior felony convictions and proceeded to conduct a court trial on that issue. Whether a right to jury trial existed at all relating to the truth of alleged priors, and the extent of that right, following certain amendments to section 1025[2] that became effective on January 1, 1998, was recently addressed by the Supreme Court in People v. Kelii (1999) 21 Cal.4th 452, 458-459, 87 Cal.Rptr.2d 674, 981 P.2d 518.
In Kelii the court examined the amended version of section 1025 and announced several principles relating to hearings on alleged prior convictions. First, the court in Kelii held that the question of whether a prior felony conviction constitutes a "strike" by virtue of being a serious or violent felony is still an issue for the court to decide even when it involves factual determinations about the nature of the prior offense. (People v. Kelii supra, 21 Cal.4th at pp. 456-457, 87 Cal.Rptr.2d 674, 981 P.2d 518.) Second, the court decided that the question of whether a defendant is the person who suffered the alleged prior convictions is now for the court to determine. (Id. at pp. 455-458, 87 Cal.Rptr.2d 674, 981 P.2d 518.) Third, the court decided that a limited right of jury trial still existed, but it was limited to the narrow issue of whether the proof presented to a jury was "sufficient to establish that the convictions the defendant suffered are indeed the ones alleged." (Id. at pp. 458-459, 87 Cal.Rptr.2d 674, 981 P.2d 518.) The court questioned whether such a limited role for the jury "makes sense" but decided that any decision on that issue was for the Legislature to consider. (Id. at p. 459, 87 Cal.Rptr.2d 674, 981 P.2d 518.) It noted that the Legislature could choose to eliminate completely the right to jury trial relating to prior convictions alleged for sentence enhancement if it chose to do so since this right was simply a creature of statute and not compelled by either the federal or state constitutions. (People v. Kelii, supra, 21 Cal.4th at p. 459, 87 Cal.Rptr.2d 674, 981 P.2d 518.) It recognized, however, that until the Legislature decides to eliminate this narrow statutory jury trial right, that defendants enjoy such a right whenever prior convictions are alleged for sentence enhancement purposes. (Ibid.)[3]
*645 The Supreme Court had already determined prior to Kelii that a defendant's right to have a jury determine the truth of a prior conviction allegation for sentence enhancement is not constitutionally mandated in California, but derives from a statute, namely section 1025. (People v. Vera (1997) 15 Cal.4th 269, 277, 62 Cal.Rptr.2d 754, 934 P.2d 1279; People v. Wiley (1995) 9 Cal.4th 580, 589, 38 Cal. Rptr.2d 347, 889 P.2d 541.) The United States Supreme Court has expressly recognized that there is no Sixth Amendment right to jury sentencing, even when the sentencing turns on specific findings of fact. (McMillan v. Pennsylvania (1986) 477 U.S. 79, 93, 106 S.Ct. 2411, 91 L.Ed.2d 67; cf. Walton v. Arizona (1990) 497 U.S. 639, 648, 110 S.Ct. 3047, 111 L.Ed.2d 511 [Sixth Amendment does not require that the specific findings authorizing the imposition of a sentence of death be made by a jury].) In fact, as noted by the court in People v. Wiley, supra, 9 Cal.4th at pages 585-586, 38 Cal.Rptr.2d 347, 889 P.2d 541, having the court rather than a jury determine the truth of alleged prior convictions "is the approach recommended by the Model Penal Code." Indeed, as the Vera court noted, the majority of states and the federal government eschew jury determination of the truth of alleged prior convictions and place the responsibility for making such determinations in the hands of the trial court. (People v. Vera, supra, 15 Cal.4th at p. 281, 62 Cal.Rptr.2d 754, 934 P.2d 1279.)
The issue of whether automatic reversal is required whenever a defendant shows that this limited statutory right to jury trial has been violated, or whether the court may employ standard rules of appellate procedure such as "failure to object" or "harmless error" in analyzing the claimed violation, was presented to the Supreme Court in People v. Vera, supra, 15 Cal.4th at pages 278-281, 62 Cal. Rptr.2d 754, 934 P.2d 1279. In Vera, a defendant had not waived a jury trial on the validity of alleged priors but the trial court nevertheless discharged the jury after it returned a verdict of guilty and proceeded to conduct a court trial on the issues relating to the priors. The defendant argued that the error was reversible per se and was not subject to a harmless error analysis. (Id. at p. 272, 62 Cal. Rptr.2d 754, 934 P.2d 1279.) The court in Vera concluded that the defendant had received a fair court trial on the truth of the prior conviction allegation and the fact that there was no waiver of the statutory right to jury trial did not constitute a fundamental federal due process issue. The court held that the defendant was therefore subject to traditional procedural rules and that his failure to object barred appellate review of issues relating to the discharge of the jury after the verdict of guilty, the lack of a jury waiver, and the holding of a court trial on the validity of the priors. (Id. at pp. 272, 276-277, 62 Cal.Rptr.2d 754, 934 P.2d 1279.) The court expressly noted that "none of those state or federal constitutional claims that may be preserved [despite a failure to object] are implicated by the alleged deprivation of the statutory right at issue in this case." (Id. at p. 277, 62 Cal.Rptr.2d 754, 934 P.2d 1279.) The court noted that defendant in fact received a fair trial on the issue of his prior conviction, albeit the trial was by a judge and not by a jury. (Id. at p. 280, 62 Cal.Rptr.2d 754, 934 P.2d 1279.) *646 The majority in Vera thus disagreed with the dissenters who characterized the denial of the statutory right to jury trial as a fundamental "structural error" that can never be harmless and requires automatic reversal whenever shown. (Id. at pp. 282, 286, 287, 62 Cal.Rptr.2d 754, 934 P.2d 1279 (separate dis. opns. by Mosk, Kennard, and Werdegar, JJ.).)
In the instant case defendant makes a similar argument. He asserts that the trial court erred under Kelii when it denied him a limited jury trial on the issue of whether the prosecution introduced sufficient evidence to establish that the prior convictions suffered by defendant were indeed the same ones alleged in the information, and argues that this error is reversible per se. The question to be decided by this court is whether "a violation of the [statutory] right [to jury trial] is subject to harmless error analysis" as stated by Justice Werdegar in her concurring and dissenting opinion in Kelii or if "[t]he denial of [a] jury trial is a structural error that can never be harmless" as stated by Justice Kennard in her dissenting opinion in Kelii. (People v. Kelii supra, 21 Cal.4th at pp. 459, 463, 87 Cal.Rptr.2d 674, 981 P.2d 518 (cone, and dis. opn. of Werdegar, J. and dis. opn. of Kennard, J.).)
In concluding that a violation of the statutory right to jury trial is subject to a harmless error analysis, Justice Werdegar characterized the majority in Vera as holding "that violation of a defendant's statutory right to a jury trial of an alleged prior conviction is not a structural error and, hence, is waived by a defendant's failure to object in the trial court." (People v. Kelii supra, 21 Cal.4th at p. 459, 87 Cal.Rptr.2d 674, 981 P.2d 518 (cone, and dis. opn. of Werdegar, J.).) She then noted that by finding the violation of the statutory right to jury trial not to be structural error, "[b]y parity of reasoning, a violation of the right is subject to harmless error analysis." (Ibid.) She then noted that the undisputed facts showed that a properly instructed jury could have reached no conclusion other than to find the priors were as alleged, thereby rendering any error harmless. (Ibid.)
In their dissenting opinions in Vera, Justice Mosk and Justice Kennard both found the denial of a statutory right to jury trial to be "structural error" that would result in automatic reversal of any finding made by a judge following a court trial that the alleged priors were true. (People v. Vera, supra, 15 Cal.4th at pp. 282, 286, 62 Cal. Rptr.2d 754, 934 P.2d 1279.) Justice Mosk noted that if a harmless error standard was found to apply to erroneous denials of the statutory right to jury trial on alleged priors, "prejudice could never be shown from having a court, rather than a jury, determine the truth of prior conviction allegations." (Id. at p. 282, 62 Cal.Rptr.2d 754, 934 P.2d 1279.)
We believe that Justice Werdegar's analysis of this issue is persuasive and that, under the reasoning of Kelii and Vera, denial of the extremely limited and narrow statutory right to jury trial at issue in this case is not fundamental structural error that would invoke an automatic reversal standard. Fundamental structural errors are errors that "regardless of the evidence, may result in a `miscarriage of justice' because they operate to deny a criminal defendant the constitutionally required `orderly legal procedure' (or, in other words, a fair trial)...." (People v. Cahill (1993) 5 Cal.4th 478, 501-502, 20 Cal.Rptr.2d 582, 853 P.2d 1037, emphasis added.) Moreover, "fundamental structural errors" are found only in rare circumstances where it may be impossible or beside the point to evaluate the resulting harm by resort to the trial record. (People v. Breverman (1998) 19 Cal.4th 142, 174, 77 Cal.Rptr.2d 870, 960 P.2d 1094.)
As already noted, the limited statutory right to a jury trial on the narrow issue of whether the evidence is sufficient to establish that the priors are the same ones that are alleged in the information is not a constitutionally required legal procedure under either federal or state law. Additionally, *647 the Supreme Court has already decided in Vera that the substitution of a fair court trial for jury trial on a sentence enhancement allegation does not constitute a violation of fundamental due process since it does not deny a defendant a fair trial. (People v. Vera, supra, 15 Cal.4th at p. 281, 62 Cal.Rptr.2d 754, 934 P.2d 1279.) As the court stated in Vera, "[B]ecause defendant was afforded a fair determination of the truth of the prior prison term allegations by the trial court sitting as a trier of fact" he was afforded due process of law. (Id. at p. 280, 62 Cal.Rptr.2d 754, 934 P.2d 1279.) Thus, there is no harm that results to a defendant from having a fair court trial as opposed to a limited jury trial on the prior convictions. Since the violation of the statutory right at issue here does not constitute a violation of fundamental due process or a denial of a fair trial we do not view it as being among the rare "fundamental structural errors" that require automatic reversal.
We find that the denial of the statutory right to jury trial on the issue of the truth of prior convictions alleged for enhancement brings into play the harmless error standard under which reversal will not be ordered unless the error resulted in a miscarriage of justice. (People v. Breverman, supra, 19 Cal.4th at pp. 172-178, 77 Cal.Rptr.2d 870, 960 P.2d 1094.) Since the error complained of does not involve the fundamental constitutional right to jury trial, and since any evidence presented at a court trial on the priors will appear in the record and can be evaluated by a reviewing court, we believe that the proper standard of review to determine if a miscarriage of justice occurred should be the standard set forth in People v. Watson (1956) 46 Cal.2d 818, 836, 299 P.2d 243. Under Watson, reversal of a criminal conviction will not be ordered unless it appears reasonably probable that the defendant would have achieved a more favorable result had the error not occurred. (Ibid.)[4]
The record in the instant case discloses that the prosecution introduced evidence from a fingerprint expert who personally took the defendant's fingerprints the day of the court trial on the priors. The expert compared the fingerprint exemplars to the fingerprints on defendant's prison records and determined that they matched. The defendant's photograph was also part of the prison records presented to the trial court. The records themselves were presented to the trial court, including the abstracts of conviction. Defendant's counsel asked the fingerprint expert almost no questions and did not challenge the testimony of the expert. There were no objections to the introduction any of the testimony or any of the documents. The defense presented no evidence and simply submitted the matter for decision. In these circumstances it does not appear to be reasonably probable that a result more favorable to defendant would have occurred if the issue had been presented to a jury instead of the trial court for decision. We do not find, therefore, that any miscarriage of justice resulted when the trial court denied defendant a limited right to jury trial and conducted a court trial on the priors.
B.C.[***]

IV. DISPOSITION
The judgment is affirmed except: (1) the true finding on the prior assault with a deadly weapon conviction is reversed insofar as it was based on the finding by the trial court that the prior conviction involved *648 personal use of a deadly weapon; (2) the matter is remanded to the trial court for a court trial on the limited issue of whether the prior conviction involved personal use of a deadly weapon; and (3) if the trial court determines the prior conviction involved personal use of a deadly weapon the original sentence will remain in effect, but if the trial court finds the prior conviction not true the trial court is directed to resentence defendant as it deems appropriate.
GRIGNON, Acting P.J., and ARMSTRONG, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III.B and III.C of the Discussion.
[**] Judge of the Municipal Court for the Los Angeles Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[1] All further statutory references will be to the Penal Code unless otherwise indicated.
[2] The amended version of section 1025 provides, in subdivisions (b) and (c), which are the portions relevant to this case, as follows: "(b) Except as provided in subdivision (c), the question of whether or not the defendant has suffered the prior conviction shall be tried by the jury that tries the issue upon the plea of not guilty, or in the case of a plea of guilty or nolo contendere, by a jury impaneled for that purpose, or by the court if a jury is waived. [¶] (c) Notwithstanding the provisions of subdivision (b), the question of whether the defendant is the person who has suffered the prior conviction shall be tried by the court without a jury."
[3] In People v. Matthews (1999) 75 Cal.App.4th 1027, 89 Cal.Rptr.2d 381, 384, the court characterized as dictum the discussion and conclusion of the Supreme Court in Kelii relating to the continuing scope and vitality of a jury trial right with respect to allegations of prior convictions after the amendments to section 1025. The court in Matthews declined to follow the "Supreme Court dictum" that stated a limited right to the jury trial on alleged prior convictions still exists after the amendment of section 1025. The court in Matthews conducted its own analysis and concluded that the effect of the amendments to section 1025 was to eliminate completely any statutory right to jury trial on alleged prior conviction allegations. (Id. at pp. 1033-1034, 89 Cal.Rptr.2d 381, 384-388.) We disagree with Matthews, and find that the statements of the Supreme Court in Kelii that the amendments to section 1025 did not eliminate completely the right to jury trial are persuasive and should be followed. We will assume the Supreme Court meant what it said in Kelii and will follow its reasoning on this point.
[4] We thus disagree with the conclusion of the court in People v. Epps (1999) 74 Cal.App.4th 645, 654-659, 87 Cal.Rptr.2d 373, that the denial of the statutory right to jury trial on prior conviction allegations is subject to automatic reversal due to the "privileged position" afforded to the right to jury trial in our legal system. (Id. at p. 655, 87 Cal.Rptr.2d 373.) We do not find that the limited statutory right at issue here warrants elevation to a "privileged position."
[***] See footnote *, ante.