Filed 9/29/15  P. v. Lynaugh CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PATRICK JOSPEH LYNAUGH,<br><br>    Defendant and Appellant. | G049571, G049585<br><br>(Super. Ct. Nos. 13CF1469, 12CF3480)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed in part and reversed in part.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kelley Johnson, Christine Levingston Bergman and Holly D. Wilkins, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Patrick Joseph Lynaugh filed notices of appeal in two felony matters. In Orange County Superior Court case No. 12CF3480 (G049585), defendant was charged with felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and misdemeanor possession of a pipe for smoking methamphetamine (Health & Saf. Code, § 11364, subd. (a)). The felony complaint further alleged defendant suffered a prior serious felony conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1))[1] and served four separate terms in state prison. (§ 667.5, subd. (b).) Defendant pled guilty as charged and admitted the enhancing allegations. The trial court struck the penalty for the strike conviction and ordered a split sentence whereby defendant was to serve one year in the county jail followed by two years of mandatory supervision. Approximately a year later, the court found defendant in violation of probation, revoked probation, and imposed sentence. Defendant argues the minute order from the sentencing and the abstract of judgment contain a fine the court did not impose. He also argues the court erred in the calculation of presentence credits.

The information in Orange County Superior Court case No. 13CF1469 (G049571), charged defendant with possession of a weapon while in custody. (§ 4502, subd. (a).) Defendant was in the county jail, serving his year commitment in case No. 12CF3480 at the time. The information alleged defendant served three separate terms in state prison (§ 667.5, subd. (b)) and suffered a prior serious felony conviction within the meaning of the Three Strikes law. The jury found defendant guilty. Defendant waived his right to a jury trial on the strike and state prison prior allegations. The court found the allegations true and sentenced defendant to seven years in state prison, consisting of the low term doubled (four years) for possession of a weapon in custody, and consecutive one-year terms for each of the three prior prison terms found true. The sentence on case

---

[1] All unspecified statutory references are to the Penal Code.

2

No. 12CF3480 was ordered to run consecutive to the sentence imposed in case No. 13CF1469.

Defendant argues the trial court erred in concluding his Hawaii burglary conviction qualified as a prior strike under the Three Strikes law. In the alternative he argues that should we reject this contention based on counsel's failure to object to the court admitting and considering evidence outside the record of the Hawaii conviction, then counsel rendered ineffective assistance and the true finding on the strike allegation should be reversed based on counsel's failure. He also asserts the trial court erred in failing to award the appropriate presentence credits.

We conclude (1) the trial court erred in admitting evidence outside the record of the Hawaii conviction on the issue of the nature of the conviction, and (2) based on the record of conviction, the Hawaii conviction does not qualify as a serious felony under California law. Consequently, the true finding on the strike allegation will be reversed. The Attorney General concedes the lower court erred in awarding presentence credits in both matters. We will order the abstracts of judgment amended to reflect the proper section 4019 credits. We will further order the abstract of judgment in case No. 12CF3480 amended to reflect imposition of a section 1202.44 probation revocation restitution fine.

I

FACTS

The facts underlying the crimes for which defendant was convicted in these matters are not relevant to the issues on appeal. We therefore limit our discussion of facts to those having to do with the trial court finding defendant's Hawaii first degree burglary conviction qualifies as a serious felony under the Three Strikes law in case No. 13CF1469. Additional facts related to sentencing issues in both cases are set forth where relevant in the discussion.

3

In case No. 13CF1469, the court bifurcated the trial on the strike and state prison prior allegations from the trial on the substantive charge of possessing a weapon while in custody. After the jury convicted defendant, the enhancing allegations were tried to the court. People's exhibit 9 was a packet of documents from *State of Hawaii v. Patrick Joseph Lynaugh*, case No. CR85-1388. The November 1985 indictment in that matter charged defendant with "[b]urglary in the [f]irst [d]egree in violation of Section 708-810(1)(c) of the Hawaii Revised Statutes." The indictment alleged defendant "intentionally enter[ed] and remain[ed] unlawfully in a building, to wit, the residence of John Holoway . . . with [the] intent to commit therein a crime against a person and property rights and did recklessly disregard the risk that the building was the dwelling of another." The jury in Hawaii convicted defendant as charged.

Exhibit 13 was the change of plea form in Orange County Superior Court case No. 02NF2742. In that matter, defendant pled guilty to felony possession of methamphetamine and admitted he suffered a prior strike conviction, to wit, a Hawaii conviction for first degree burglary. The factual basis for the admission read as follows: "I further admit that on 6/2/86 (Hawaii case # CR85-0332) I was convicted of a residential burglary for having entered an inhabited dwelling with the intent to steal." We note the case number attributed to the Hawaii conviction admitted in case No. 02NF2742 differs from the case number on the Hawaii indictment in exhibit 9.

Exhibit 14 was the case summary from Orange County Superior Court case No. 12CF3480, wherein defendant admitted he suffered a prior strike conviction in Hawaii case No. CR85-1388. At the time defendant admitted the prior conviction in case No. 12CF3480, the prosecution had not received a response from the district attorney's office in Hawaii. Exhibit 15 was the case summary from another Orange County matter, case No. 09CF3140. In that case, defendant again admitted he suffered a strike prior conviction in case No. CR85-1388. The court admitted the exhibits into evidence, but

4

stated it did not consider exhibits 14 and 15 in determining whether defendant's Hawaii conviction qualified as a strike prior conviction. The court relied on exhibits 9 and 13 in concluding the Hawaii conviction qualified.

II

DISCUSSION

A. *Appeal in G049571: The Hawaii Conviction Does Not Qualify as Serious Felony*

The intent of the Three Strikes law is to enhance the sentence of a defendant who has suffered one or more prior convictions for serious or violent felonies. (§ 667, subd. (b).) Prior to the Three Strikes Reform Act of 2012, when a defendant stood convicted of a felony offense and it has been pled and proven that he or she previously suffered a conviction for a serious or violent felony, the penalty for the new felony was doubled under the Three Strikes law. (§ 667, subds. (c), (d), (e)(1).) In Orange County Superior Court case No.13CF1469, defendant was convicted of possessing a weapon while in custody. The information further alleged defendant previously suffered a serious felony conviction—to wit, a conviction for first degree burglary in Hawaii. After considering the record of conviction in the Hawaii matter *and* the change of plea form in a subsequent Orange County felony matter, the trial court found the Hawaii conviction qualified as a prior conviction under the Three Strikes law. Whether a conviction qualifies as a violent or serious felony for purposes of the Three Strikes law is a question of law and we review the trial court's decision de novo. (*People v. Kelii* (1999) 21 Cal.4th 452, 456.)

In order for a sister state offense to qualify as a serious felony, the offense must have the same elements as a California serious felony. (§ 667, subd. (d)(2) [foreign conviction qualifies as a prior strike conviction if the foreign conviction "is for an offense that includes all of the elements of a particular violent felony as defined in subdivision (c) of Section 667.5 or serious felony as defined in subdivision (c) of Section 1192.7"].) In California, first degree burglary is a serious felony (§ 1192.7, subd. (c)(18)) and has the

5

following elements:  entry into an inhabited dwelling, with the intent to steal or commit a felony (*People v. Anderson* (2009) 47 Cal.4th 92, 101; §§ 459, 460, subd. (b)).

To commit a burglary under the Hawaii statute, the defendant must intentionally enter *or remain* unlawfully in a building, with the intent to commit therein a crime against a person or against property rights (Hawaii Rev. Stat., § 708-810(1)), *and* the defendant was armed with a dangerous weapon (Hawaii Rev. Stat., § 708-810, subd. (1)(a)), or the defendant intentionally, knowingly, or recklessly inflicted or attempted to inflict great bodily injury in the course of committing the burglary (Hawaii Rev. Stat., § 708-810(1)(b)), or the building was another's dwelling and the defendant recklessly disregarded the risk that the building was another's residence (Hawaii Rev. Stat., § 708-810(1)(c)).  As a result of the alternative elements contained therein, Hawaii's first degree burglary statute is over inclusive compared to California's first degree burglary statutes.  (See §§ 459, 460, subd. (b).)  In other words, one could commit a first degree burglary under the Hawaii statute and the same act would not qualify as a first degree burglary if committed in California.  While California requires an intent to steal or to commit a felony at the time of entry into an inhabited dwelling (*People v. Anderson*, *supra*, 27 Cal.4th at p. 100), Hawaii does not.  Under Hawaii's statute, a defendant may be convicted of first degree burglary if he had no unlawful intent at the time he entered the residence.  Rather, the statute provides a defendant may be found guilty of first degree burglary if he or she "*remains* unlawfully in a building," with the intent to commit a prohibited crime.  (Hawaii Rev. Stat., § 708-810(1), italics added.)  Additionally, unlike California where the intended crime must be a felony or a theft, a defendant may be convicted of first degree burglary in Hawaii for intending to commit "a crime against a person or against property rights."  (*Ibid*.)  Moreover, one may violate the Hawaii statute without the building being an occupied dwelling, as is required in California.  Indeed, the building need not be a dwelling to qualify as a first degree burglary, if the defendant was armed with a dangerous weapon (Hawaii Rev. Stat., § 708-810(1)(a)) or "intentionally,

6

knowingly, or recklessly" inflicted or attempted to inflict bodily injury "in the course of committing the offense." (Hawaii Rev. Stat., § 708-810(1)(b).)

When a trial court is called upon to determine whether a sister state conviction qualifies as a prior strike conviction, the first thing the court does is compare the elements of the sister state conviction to the comparable strike offense in California. If the sister state offense contains all the elements of the California offense, the sister state conviction qualifies as a prior strike conviction. (§ 667, subd. (d)(2).)[2] When the elements of the California offense and the sister state offense do not match up, however, that is not the end of the analysis. California law permits a court in such an instance to review the record of conviction of the alleged prior conviction to determine whether the jury convicted the defendant for an offense that would qualify as a serious or violent felony under California law. (*People v. Woodell* (1998) 17 Cal.4th 448, 450-451.) In that situation, "the relevant inquiry in deciding whether a particular prior conviction qualifies as a serious felony for California sentencing purposes is limited to an examination of the record of the prior criminal proceeding to determine the nature or basis of the crime of which the defendant was convicted. [Citations.]" (*People v. McGee* (2006) 38 Cal.4th 682, 691.) As the Supreme Court noted in *People v. Guerrero* (1988) 44 Cal.3d 343, 354-355, the *only* evidence the court may consider is the sister state's record of conviction. (*People v. McGee*, *supra*, 38 Cal.4th at pp. 691-692.) If the record of conviction does not demonstrate the facts upon which defendant was convicted, "the court will presume that the prior conviction was for the least offense punishable under the foreign law." (*People v. Guerrero*, *supra*, 44 Cal.3d at p. 355.) The least punishable offense under the Hawaii statute is the defendant either entered or remained in the

_____

[2] Below, the district attorney agreed the Hawaii record of conviction did not establish defendant's conviction qualifies as a first degree burglary under California law.

7

victim's residence[3] with the intent to commit some crime against a person or property. There was no requirement that the crime was either a theft or a felony. Such an offense would not qualify as a first degree burglary under California law.

Here, the trial court did not limit itself to reviewing the record of conviction in the Hawaii matter. It also considered other, prohibited evidence; a statement defendant made in a change of plea form in an Orange County felony matter almost seven years after he was convicted of burglary in the Hawaii matter. The defendant's statement in the 2003 change of plea form was inarguably outside the Hawaii record of conviction. We therefore do not consider the statement in the 2003 Orange County change of plea in determining whether his Hawaii conviction qualifies as a prior serious felony conviction under California law.[4]

As noted above, the elements of Hawaii's first degree burglary statute do not align with the elements of a California first degree burglary. We therefore turn to a review of the record of Hawaii conviction to determine whether he was convicted for an offense that would be punishable as a first degree burglary in California.

According to the indictment in the Hawaii case, the building burglarized was the apartment of John Holoway, and defendant recklessly disregarded the risk that the building was the dwelling of another. Even assuming this evidence demonstrates the entry was into an "inhabited dwelling" as required by section 460, subdivision (b), there is no evidence in the record of conviction to support a reasonable inference the jury found defendant entered the residence with the intent to steal or commit a felony. The record of

---

[3] There was evidence in Hawaii record of conviction that the building involved was a residence.

[4] Although we conclude the trial court erred in considering defendant's statement in the 2003 Orange County change of plea, we note the case number attributed to defendant's Hawaii conviction in the change of plea form differs significantly from the Hawaii case number alleged in the present information.

conviction did not contain a reporter's transcript of any testimony. In fact, the only evidence in the record probative of the nature of the offense were the indictment and the jury's verdict that the defendant was found guilty "as charged." When that is the case and the elements of the foreign conviction do not include all the elements of a California crime that would give rise to enhanced penalty for having suffered such a prior conviction, it is impossible to conclude the conviction was for an act that is the equivalent of that California crime. Accordingly, we find the record of conviction did not establish defendant was convicted for an offense that would qualify as a serious felony in California. Accordingly, the true finding on the strike allegation must be reversed. Our resolution of this issue renders moot defendant's other claimed errors in connection with the court finding the Hawaii conviction qualifies as a prior strike conviction.

B. *Appeal in G049585*

The abstract of judgment in case No. 12CF3480 reflects a $280 probation revocation fine. The court did not, however, orally impose the fine. Defendant contends the fine must be stricken from the abstract of judgment for that reason. We will order the abstract of judgment modified to reflect imposition of a $240 probation revocation restitution fine, the amount the court ordered and stayed pending final revocation of probation when the court first sentenced defendant and placed defendant on probation.

When defendant was convicted of possessing methamphetamine in case No. 12CF3480, the court placed him on probation and directed defendant to pay a $240 probation revocation restitution fine pursuant to section 1202.44. The court then stayed the fine until such time as there is a final revocation of probation. His probation was eventually revoked based on his possession of a weapon in the jail and the court committed him to state prison on the probation violation.

"In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at

9

the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4.  This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record. . . ."  (§ 1202.44.)  Once probation has been revoked and the defendant is sentenced to state prison, as occurred in this case, imposition of the stayed fine is mandatory.  (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434-435.)  The failure to do so makes the sentence unauthorized and subject to being corrected on appeal.  (*Ibid.*)

Because the court was obligated to lift the stay on the previously imposed $240 probation revocation restitution fine when it sentenced to prison, the $280 amount reflected in the abstract of judgment was erroneously included.  The abstract of judgment must be amended to reflect imposition of the $240 probation revocation restitution fine pursuant to section 1202.44.  (*People v. Guiffre*, *supra*, 167 Cal.App.4th at pp. 434-435.)  The $280 amount reflected in the abstract judgment is stricken.

C.  *Sentencing Issue Common to G049571 and G049585: Presentence Credits*

As noted above, the court sentenced defendant in case No. 13CF1469 (G049571) to four years (low term doubled because the court found defendant suffered a prior strike conviction) for possessing a dangerous weapon in jail, plus three consecutive one-year terms based on his having served three prior terms in state prison.  The court then imposed a consecutive eight-month term for the probation violation in case No. 12CF3480 (G049585), for a total term of seven years and eight months in state prison.

10

On case No. 13CF1469, the court awarded defendant 327 actual days credit and 65 conduct credits.  On case No. 12CF3480, the probation violation matter, the court awarded defendant 412 actual days and 412 conduct credits.[5]

Defendant argues the court erred in the amount of conduct credits awarded in case No. 13CF1469.  He claims the court limited the conduct credits in that matter based on a mistaken belief conduct credits were limited to 20 percent of the actual days he spent in custody on the charge before sentencing.  (See § 667, subd. (c)(5) [limits *post*conviction conduct credits in strike cases to "one-fifth of the total term of imprisonment"].)  The Attorney General agrees defendant's presentence conduct credits are not limited by section 667, subdivision (c)(5), but also points out the court erred in awarding defendant dual credits in the two cases for the same days defendant spent in custody.  We agree.

Subdivision (a) of section 2900.5, requires a sentencing court to award a defendant credits against their sentence for each day spent in custody on the matter awaiting trial or sentencing.  Additionally, the sentencing court must calculate and award the defendant conduct credits pursuant to section 4019, subdivision (a).  When a defendant has been awarded full conduct credits under section 4019, subdivision (f), "a term of four days will be deemed to have been served for every two days spent in actual custody."  For this reason, defendant argues he should receive credit for the days he spent in custody on case No. 13CF1469 and an equal amount of conduct credits.

An award of credits under section 4019 is specifically limited.  "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been

---

[5] As defendant was sentenced to an eight-month consecutive term on case No. 12CF3480, the credits awarded on that case far exceeded the eight-month term imposed.

11

convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." (§ 2900.5, subd. (b).) In awarding defendant the credits it did, the trial court violated subdivision (b) of section 2900.5, as well shall explain.

Defendant was arrested for possessing methamphetamine on December 2, 2012. He appears to have remained into custody thereafter, through sentencing on case No. 12CF3480. At his sentencing on that case in January 2013, he was committed to county jail for a year and received credit for time served from the date of the offense to the date of sentencing. A month later when defendant was arrested for possessing a weapon in the jail, he was still serving his sentence on case No. 12CF3480. He remained in custody through his sentencing on case No. 13CF1469 for the possession of the weapon and the probation violation on case No. 12CF3480. When the court awarded defendant credit for 412 actual days on the probation violation matter and 327 actual days for the time he was in custody on the possession of a weapon charge, the court awarded him more than two years credit for actual time spend in custody for what was in actuality slightly more than 13 months in jail (December 2, 2012 through January 17, 2014).

Defendant was not entitled to dual credits. He was in custody, serving a sentence at the time he was arrested for possessing a weapon in the jail. The fact that defendant continued to remain in custody from that day forward for some period of time—until he finished the year sentence he was serving—was not attributable to his having possessed a weapon. "Section 2900.5 does not authorize credit where the pending proceeding has no effect whatever upon a defendant's liberty." (*In re Rojas* (1979) 23 Cal.3d 152, 156.) Whether defendant had been arrested for the weapon charge or not, he would have remained in jail until he finished the sentence he was serving.

Between the two cases, defendant was in custody from December 2, 2012, to January 17, 2014. We calculate his credits accordingly. On case No. 13CF1469, defendant receives credit from the date of his arrest on February 26, 2013, to the date of sentencing, January 17, 2014, plus an equal number of conduct credits: 326 actual days plus 326 conduct credits. On case No. 12CF3480, wherein defendant was sentenced to a consecutive term of eight months, he should receive credit for the actual days he spent in custody on that case from the date of his arrest for possessing methamphetamine on December 2, 2012, until the day he was arrested for possessing the weapon in case No. 13CF1469, plus an equal number of conduct credits: 86 actual days plus 86 conduct credits. This calculation gives defendant credit for each day he spent in custody on these matters and does not improperly give him dual credits.

III

DISPOSITION

The true finding that defendant suffered a prior strike conviction in Hawaii is reversed. Accordingly, the abstract of judgment in case No. 13CF1469 is ordered amended to reflect the imposition of a low term prison term of two years for a violation of section 4502, subdivision (a) and three consecutive one-year terms pursuant to section 667.5, subdivision (b), for a commitment of five years. The abstract is further ordered amended to reflect the award of 326 days actual credit and 326 days conduct credit. The clerk of the superior court is directed to serve the Department of Corrections and Rehabilitation with a certified copy of the amended abstract of judgment. In all other respects, the judgment is affirmed.

In case No. 12CF3480, the abstract of judgment is ordered amended to reflect actual credits of 86 days and conduct credits of 86 days. The abstract is further ordered amended to reflect a probation revocation restitution fine of $240 pursuant to section 1202.44, not $280. The clerk of the superior court is directed to serve the

13

Department of Corrections and Rehabilitation with a certified copy of the amended abstract of judgment.  In all other respects, the judgment is affirmed.


                                    MOORE, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.