[No. B094842. Second Dist., Div. Six. Jan. 22, 1997.]

THE PEOPLE, Plaintiff and Appellant, v.
LEROY NICHOLAS ROBLES, JR., Defendant and Respondent.

COUNSEL

Thomas W. Sneddon, Jr., District Attorney, and Gerald McC. Franklin, Deputy District Attorney, for Plaintiff and Appellant.

Glen Mowrer, Public Defender, under appointment by the Court of Appeal, and Michael C. McMahon, Assistant Public Defender, for Defendant and Respondent.

OPINION

STONE (S. J.), P. J.—The People appeal from the trial court's order granting the defendant's motion to treat the two theft offenses to which the defendant pled no contest as misdemeanors pursuant to Penal Code[1] section 17, subdivision (b). We dismiss the appeal.

Leroy Nicholas Robles, Jr. (Robles) pled no contest to grand theft of personal property worth in excess of $400 (§§ 487, subd. (a), 489) and petty theft with prior theft-related offenses (§ 666). Both offenses are "wobblers" punishable in the discretion of the trial court as either felonies or misdemeanors.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

Robles also admitted that he had two prior serious felony convictions within the meaning of California's "Three Strikes" law. (§§ 667, 1170.12.) As a result, he faced imprisonment for a term of 25 years to life in the event that the trial court opted to treat either of his latest theft offenses as a felony. (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2).)

Prior to being sentenced, however, Robles successfully moved to have both of his theft offenses treated as misdemeanors pursuant to section 17, subdivision (b). The trial court, thereafter, placed Robles on three years' probation.

■ The People appealed. They contend that once a defendant pleads no contest to a wobbler charged as a felony and admits having one or more prior serious felony convictions under the Three Strikes law, a trial court is powerless to treat the defendant's latest wobbler offense as a misdemeanor pursuant to section 17, subdivision (b). Alternatively, the People contend the trial court abused its discretion by reducing both of Robles's latest theft offenses to misdemeanors. We decline to reach the merits of either contention, because we conclude that under the circumstances, here, the People have no right to appeal.

The People's right to appeal is expressly limited by statute. (*People* v. *Smith* (1983) 33 Cal.3d 596, 600 [189 Cal.Rptr. 862, 659 P.2d 1152].) Section 1238, subdivision (a), in particular, sets forth those orders and/or judgments from which the People may properly appeal. Except in limited situations not here applicable, for example, the People may appeal from the imposition of any "unlawful sentence." (§ 1238, subd. (a)(10).)[2]

The fact that the People's appeal concerns the type of order or judgment contemplated by subdivision (a) of section 1238 does not end the inquiry, however, if the case is one where the defendant was granted probation. Subdivision (d) of section 1238, thus, provides: "Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of probation, whether or not the court imposes sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. *The review of any grant of probation shall include review of any order underlying the grant of probation.*" (§ 1238, subd. (d), italics added.)

As the court in *People* v. *Bailey* (1996) 45 Cal.App.4th 926, 930 [53 Cal.Rptr.2d 198], review denied, recognized, requiring the People to challenge a grant of probation (or order underlying a grant of probation) by

---

[2]An "unlawful sentence" is defined as the "imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction." (§ 1238, subd. (a)(10).)

means of a petition for writ of mandate or prohibition, rather than by appeal, promotes sound public policy considerations. It prevents a situation where the defendant serves a significant portion of his or her probationary period (without credit towards a prison sentence) only to discover during the course of some later appeal that he or she, instead, should have been sentenced to prison. (*Ibid.; People* v. *Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1222 [58 Cal.Rptr.2d 165] [recognizing the inequity that would otherwise result if section 1238, subdivision (d) did not require, as it does, that the People challenge a grant of probation by means of a writ petition filed within 60 days].)

We recognize that in cases where the People's challenge is predicated upon the imposition of an allegedly "unlawful sentence," the requirement of a writ petition filed by the People within 60 days of the grant of probation may conflict with the judicial rule allowing unauthorized sentences to be corrected at any time. (See *People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289] [imposition of a sentence not authorized by law is subject to judicial correction whenever the error comes to the attention of the trial court or reviewing court].) We must presume, however, that the Legislature was aware of the foregoing judicial rule when it enacted subdivision (d) in 1986 and that it intended for subdivision (d) to operate as an express limitation upon this rule in cases where probation is granted. (See *People* v. *Slaughter* (1984) 35 Cal.3d 629, 640 [200 Cal.Rptr. 448, 677 P.2d 854] [the Legislature is presumed to have knowledge of existing judicial decisions and to have enacted and amended statutes in light of such decisions].)

Here, the People styled their appeal as one from the trial court's "order . . . granting Defendant's motion, pursuant to Penal Code section 17, subdivision (b), to declare the grand theft and 'petty-theft-with-prior' offenses of which he had been convicted by his plea to be misdemeanors . . . ." The People concede, as they must, that it was the trial court's order granting the foregoing motion that specifically underlay the trial court's subsequent decision to place Robles on probation—a decision at odds with the People's belief that Robles, instead, should have been sentenced to state prison under the Three Strikes law.

Given that the People in this case seek review of an order underlying the grant of probation, we believe the People were required to file a petition for writ of mandate or prohibition within 60 days after the trial court granted Robles probation pursuant to section 1238, subdivision (d). Their failure to do so, moreover, mandates dismissal of their appeal. (See *People* v. *Bailey, supra*, 45 Cal.App.4th at p. 930 ["By enacting section 1238, subdivision (d),

using language as clear and unambiguous as is ever encountered in statutes, the Legislature divested the People of the right to appeal an order granting probation and limited appellate jurisdiction over such orders to the more expedited writ review."].)

We are not unmindful in reaching our decision that other courts have permitted the People to appeal from grants of probation that resulted from a trial court's decision to treat an offense as a misdemeanor pursuant to section 17, subdivision (b). (See, e.g., *People* v. *Carranza* (1996) 51 Cal.App.4th 528 [59 Cal.Rptr.2d 134]; *People* v. *Vessell* (1995) 36 Cal.App.4th 285 [42 Cal.Rptr.2d 241], review den.) These courts, however, have relied on subdivision (a)(10) of section 1238, while ignoring the language found in subdivision (d) of that same section. (See *People* v. *Bailey*, *supra*, 45 Cal.App.4th at pp. 930-931 [disapproving of *Vessell* on the foregoing grounds].) Having expressly considered the plain and unambiguous language found in that subdivision, the People's appeal must be dismissed.

The dissent's view, moreover, that our decision today will eviscerate the People's right to appeal from all unlawful orders that the trial court combines with a grant of probation is inexplicable given that subdivision (d) of section 1238 expressly allows the People to seek appellate review in such instances by means of a timely filed writ petition. The People, here, for example, could have secured appellate review of the trial court's allegedly unlawful order granting Robles's motion had they filed such a petition. They failed to do so.

The appeal is dismissed.

Gilbert, J., concurred.

YEGAN, J.—I respectfully dissent.

The plain language of Penal Code section 1238, subdivision (a)(10) authorizes this appeal: "(a) An appeal may be taken by the people from . . . : [¶] . . . [¶] (10) The imposition of an unlawful sentence . . . . As used in this paragraph, 'unlawful sentence' means . . . the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction."

Here the trial court reduced the felony charges to misdemeanors over the People's objection. The effect of the order was to eliminate the serious felony enhancements for sentencing purposes. Instead of 25 years to life, respondent's maximum sentence was 2 years in the county jail. In a similar

case, Division Two of the Court of Appeal, Second Appellate District, held that the People had the right to appeal. (*People* v. *Vessell* (1995) 36 Cal.App.4th 285, 288-289 [42 Cal.Rptr.2d 241].) I agree with the rule articulated therein. (See also *People* v. *Trausch* (1995) 36 Cal.App.4th 1239, 1243 & fn. 5 [42 Cal.Rptr.2d 836] [appeal from sentence after trial court reduced felony to misdemeanor]; *People* v. *Carranza* (1996) 51 Cal.App.4th 528, 531-533 [59 Cal.Rptr.2d 134] [same].)

The majority's reliance on *People* v. *Bailey* (1996) 45 Cal.App.4th 926 [53 Cal.Rptr.2d 198], is misplaced. In my opinion, *Bailey* is erroneously decided. Bailey received a sentence unauthorized by law, i.e., in excess of jurisdiction, which is subject to correction ". . . *whenever* the error . . . [comes] to the attention of the trial court or a reviewing court. [Citations.]" (*People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289], italics added; see also *In re Harris* (1993) 5 Cal.4th 813, 842 [21 Cal.Rptr.2d 373, 855 P.2d 391].) This rule applies even though the new sentence ". . . is more severe than the original unauthorized pronouncement." (*People* v. *Serrato, supra*, 9 Cal.3d at p. 764, fn. omitted.) There is no 60-day time limitation on this venerable sentencing rule which the *Bailey* court, and now the majority of this court, declare. To the extent that the majority believe that this sentencing rule was superseded by the 1986 enactment of Penal Code section 1238, subdivision (d), it is sufficient to observe that the rule has been applied in many cases thereafter. (See, e.g, *In re Harris, supra*, 5 Cal.4th 813; *People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

*Bailey*'s reliance on procedure defeats or, at least, frustrates substantive legislative goals. The effect of *Bailey* frustrates one of the goals of the determinate sentence law, i.e., uniformity of sentencing. (Pen. Code, § 1170, subd. (a)(1).) *All* robbers who use firearms are supposed to be sentenced to prison. (Pen. Code, § 1203.06, subd. (a)(1)(B); *People* v. *Tanner* (1979) 24 Cal.3d 514 [156 Cal.Rptr. 450, 596 P.2d 328].) Application of *Bailey* here also frustrates the goal of the three strikes law, i.e., that recidivists, such as respondent, should be punished more severely. Where the trial court does exercise discretion, the right of appeal is salutary. There should be an assurance that the exercise of discretion which circumvents the three strikes law, at least comports with decisional law. This should be by a written opinion so that everyone knows why, in the specific instance, that a departure was justified.

Penal Code section 1238 subdivision (d) states: "Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of

probation, whether or not the court imposes sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. The review of any grant of probation shall include review of any order underlying the grant of probation."

The majority hold that Penal Code section 1238, subdivision (d), "trumps" Penal Code section 1238, subdivision (a)(10). If the majority is correct, the People's right to appeal as set forth in Penal Code section 1238, subdivision (a)(10), is erased by subdivision (d) whenever probation is imposed. A trial court could make an unlawful but appealable order and merge it into a nonappealable sentence by granting the defendant probation. This makes no sense. Why should a dispositional order granting probation eviscerate the People's right of appeal? In my view this is not what the Legislature intended, especially where the case involves a three strikes offender.

Appellate review by way of petition for writ of mandate or prohibition is not the equivalent of a right of appeal. The possibility and probability of summary denial loom. When compared to a right of appeal with the requirement of a written opinion with reasons stated, the nonequivalency of the theoretical remedy is too plain for further discussion.[1]

What then is the purpose of Penal Code section 1238, subdivision (d)? In my view, it applies to instances other than where the People legitimately claim an unauthorized sentence has been imposed. For example, where the trial court grants probation without making findings essential thereto (see Pen. Code, § 1203.066, subd. (c)), Penal Code section 1238, subdivision (d) would allow review by writ but not by appeal. (See also *People* v. *Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1222 [58 Cal.Rptr.2d 165] [writ review is the only review remedy for an erroneous grant of probation where the defendant is presumptively ineligible].)

The instant case is akin to a Penal Code section 1385 order striking priors to avoid the effect of the three strikes law. (*People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 531, fn. 13 [53 Cal.Rptr.2d 789, 917 P.2d 628].) The People argue that the trial court accomplished the same result by arbitrarily reducing the felony offenses to misdemeanors. The appeal should be heard on its merits. (*People* v. *Vessell*, *supra*, 36 Cal.App.4th 285,

---

[1] The author of the *Bailey* opinion has, perhaps, said it best in his article appearing in The Association of Southern California Defense Counsel magazine, Verdict: "It is no secret that most writ petitions are summarily denied. This is so because most petitioners fail to show they are entitled to the *extraordinary* relief they ask for. The very designation as *extraordinary* indicates that, unless unusual and aggravating circumstances are shown to exist, the petition should be denied. In many cases, the facts contained in the petition fail to show the trial judge acted other than in a proper exercise of its discretion. Another reason many petitions are denied is because they fail to provide all the information required to be provided under rule 56 or fail to supply a complete and fair record." (See Rylaarsdam, *Between a Rock and a Hard Place* (4th quarter 1996) Verdict, p. 19.)

288-289; *People* v. *Trausch, supra,* 36 Cal.App.4th 1239, 1243 & fn. 5.) Here, Penal Code section 1238, subdivision (d), is not a jurisdictional bar to the People's right to appeal.