128 Cal.Rptr.2d 1 (2003)
104 Cal.App.4th 76
The PEOPLE, Plaintiff and Appellant,
v.
Kenneth Marvin SAMPLES, Defendant and Respondent.
No. D039196.
Court of Appeal, Fourth District, Division One.
November 7, 2002.
As Modified on Denial of Rehearing December 6, 2002.
Review Granted February 25, 2003.
*2 Paul J. Pfingst, District Attorney, Anthony Lovett and Josephine A. Kiernan, Deputy District Attorneys, for Plaintiff and Appellant.
Donal M. Hill, San Diego, under appointment by the Court of Appeal, for Defendant and Respondent.
NARES, J.
In an information filed in June 2001, the San Diego District Attorney charged the defendant Kenneth Marvin Samples with commercial burglary under Penal Code[1] section 459 (count 1) and with petty theft under section 484 (count 2). The information also alleged as a strike within the meaning of sections 667, subdivisions (b) through (i), 1170.12, and 668 that Samples had been convicted in the State of Texas in February 1993 of the crime of burglary of a habitation. Samples pleaded guilty to count 1 and admitted to having pleaded guilty to the Texas burglary charge, and in exchange count 2 was dismissed. However, *3 Samples reserved the right to argue at sentencing that the Texas conviction did not constitute a strike under California's three strikes law.
In October 2001, the court ruled that Sample's Texas conviction did not constitute a strike under California law because of what the court believed were differences between the intent elements in California's and Texas's theft statutes. Having found not true Sample's strike allegation, the court placed him on three years' formal probation, with 365 days in local custody, and ordered $400 in restitution.
In November 2001, the People appealed from the "unlawful order" determining the Texas conviction did not constitute a strike and the resulting "unlawful sentence." Citing the California Supreme Court's recent decision in People v. Avery (2002) 27 Cal.4th 49, 115 Cal.Rptr.2d 403, 38 P.3d 1 (Avery), the People assert that the court erred in concluding that Sample's Texas conviction could not be considered a strike under California law. Samples, in addition to contesting this appeal on the merits, argues in both his brief and in a separate motion that the People's appeal must be dismissed because the People are prohibited by statute from bringing this appeal as it is not authorized by statute and seeks to set aside the court's grant of probation.
We conclude that the People's appeal must be dismissed because it is not explicitly authorized by statute. We also conclude that the appeal must be dismissed because the People, while claiming for the first time in their reply brief that they are only challenging the order finding not true the prior conviction allegation, are actually attempting to set aside the probation granted by the court, and thus they are prohibited by statute from bringing this appeal. The People were required to seek appellate review of the court's order finding not true the prior Texas conviction strike allegation by way of petition for writ of mandate or prohibition within 60 days of that order. Because they did not do so, we have no choice but to dismiss this appeal.

FACTUAL AND PROCEDURAL BACKGROUND

A. The Current Offense[2]
On November 24, 2000, Samples and a juvenile female named Ashly B. entered a Wal-Mart store, selected a vacuum cleaner from its display and brought it to a customer service desk. They represented that they had previously purchased the vacuum and were seeking to return it. The service representative gave Samples a store credit of $288.62, and Samples and Ashly B. left the store. Once outside, a security officer detained Samples and Ashly B. until police arrived, at which point they were taken into custody.

B. The Plea Agreement

In August 2001, Samples pleaded guilty to count 1 (second degree burglary) and admitted the prior conviction allegation. The remainder of the information was stricken. However, although Samples admitted the fact of the Texas conviction, he reserved the right to litigate "the legal issue of whether a burglary of a habitation ... in Texas qualifies as a strike in California ... at sentencing."

C. Sentencing

At the October 2001 sentencing hearing, the court held that Sample's February *4 1993 Texas burglary conviction did not constitute a strike under California law. The court, in making this ruling, found that under the applicable Texas statute, a defendant could be convicted of burglary when he or she had the intent to withhold property from the owner for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner. (See Tex. Pen.Code, § 31.01.) By contrast, in California a defendant must have the intent to permanently deprive another of property. The court found that because a person could be convicted of theft in Texas under circumstances that would not allow a conviction in California, Texas and California law were not coextensive on this crime, and the Texas conviction thus could not be considered a strike. Having found not true Sample's strike allegation, the court placed him on three years' formal probation, with 365 days in local custody, and ordered $400 in restitution.
In November 2001, the People appealed from the "unlawful order" determining the Texas conviction did not constitute a strike and the resulting "unlawful sentence."

DISCUSSION

The People's Appeal Must Be Dismissed As It Is Not Authorized by Statute
The People assert on this appeal that the court erroneously determined that the Texas conviction did not constitute a strike under California law. Specifically, the People contend that the California Supreme Court's recent decision in Avery, supra, 27 Cal.4th 49, 115 Cal.Rptr.2d 403, 38 P.3d 1, held that Texas's theft statutes are coextensive with California's. However, we conclude that the People may not appeal from the order determining the Texas conviction does not constitute a strike because it is not permitted, and is affirmatively barred by, statute. Accordingly, we do not reach the merits of the People's appeal and order it dismissed.
"[T]he People have no right of appeal except as provided by statute." (People v. Smith (1983) 33 Cal.3d 596, 600, 189 Cal.Rptr. 862, 659 P.2d 1152.) Moreover, "[t]he restriction on the People's right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials." (People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 498, 72 Cal.Rptr. 330, 446 P.2d 138.)
Section 1238 sets forth the situations under which the People may appeal. The People rely upon the following subdivisions in asserting a right to appeal the court's order at issue on this appeal:
"(a) An appeal may be taken by the people from any of the following:
"(1) An order setting aside all or any portion of the indictment, information, or complaint.
".........................
"(8) An order or judgment dismissing or otherwise terminating all or any portion of the action including such an order or judgment after a verdict or finding of guilty or an order or judgment entered before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.
".........................
"(10) The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence.... As used in this paragraph, `unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an *5 enhancement or prior conviction." (§ 1238, subd. (a)(1), (8) & (10).)
However, section 1238 further restricts the People's right to appeal in subdivision (d) by prohibiting appeals challenging a grant of probation:
"(d) Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of probation, whether or not the court imposes sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. The review of any grant of probation shall include review of any order underlying the grant of probation."
"[R]equiring the People to challenge a grant of probation (or order underlying a grant of probation) by means of a petition for writ of mandate or prohibition, rather than by appeal, promotes sound public policy considerations. It prevents a situation where the defendant serves a significant portion of his or her probationary period (without credit towards a prison sentence) only to discover during the course of some later appeal that he or she, instead, should have been sentenced to prison." (People v. Robles (1997) 52 Cal. App.4th 157, 159-160, 60 Cal.Rptr.2d 419 (Robles).)
Accordingly, to determine if the People have the right to appeal in this matter, we must first assess whether the order appealed from is one described in subdivision (a)(1), (8) or (10) of section 1238. If so, we must still determine whether the People's appeal is nevertheless barred by subdivision (d) as being an appeal challenging a grant of probation.

A. Subdivision (a)(1)

The People first argue that their appeal from the court's finding that the Texas conviction did not constitute a serious or violent felony under California law constitutes "[a]n order setting aside all or any portion of the ... information ...." (§ 1238, subd. (a)(1)). The People assert that case law has held that subdivision (a)(1) permits the People to appeal from an order striking a prior conviction allegation or an order finding a prior conviction allegation not true. However, while the cases cited by the People allowed appeals from orders striking prior convictions, none involved the situation presented here, the court finding the prior Texas conviction not true because the Texas statute under which Samples was convicted did not contain the same elements as California's comparable statute.
For example, in People v. Burke (1956) 47 Cal.2d 45, 301 P.2d 241, disapproved of on other grounds in People v. Sidener (1962) 58 Cal.2d 645, 25 Cal.Rptr. 697, 375 P.2d 641 the trial court struck a prior conviction allegation. The California Supreme Court held that such an "action was in substance `an order setting aside [a part of] the ... information'; having set aside that part of the information charging a prior conviction...." (Id. at p. 53, 301 P.2d 241.) Similar results were reached in People v. Espinoza (1979) 99 Cal.App.3d 59, 63-68, 159 Cal.Rptr. 894 and People v. Jackson (1991) 1 Cal.App.4th 697, 700-701, 2 Cal.Rptr.2d 308.
The closest case to the situation presented here cited by the People was this court's decision in People v. Walker (2001) 89 Cal.App.4th 380, 107 Cal.Rptr.2d 264 (Walker). There, the court found "not true" a prior federal bank robbery conviction because the People had allegedly not proven that there were appropriate waivers prior to the defendant pleading guilty to the federal bank robbery conviction, and therefore the prior conviction was unconstitutional. (Id. at pp. 382-383, 107 Cal. *6 Rptr.2d 264.) The People appealed this decision and the defendant moved to dismiss the appeal, arguing that a "not true" finding was not an appealable order under section 1238. (Walker, supra, 89 Cal. App.4th at p. 383, 107 Cal.Rptr.2d 264.) We held, however, that the order was in fact appealable because the court's order was not a "not true" finding, but in actuality an order striking the prior conviction. (Id at pp. 385-386, 107 Cal.Rptr.2d 264.) We reasoned that for the court to make a "true" finding on a serious felony prior conviction, it was the People's burden of proving (1) "the accused suffered the prior felony conviction," and (2) "the offense committed qualifies as a serious felony in California." (Id at p. 386,107 Cal.Rptr.2d 264.) However, proof that the prior conviction was unconstitutional must be made by the defendant. (Ibid.) Because this was not a necessary part of the People's proof of a prior conviction allegation, and the court found the prior conviction unconstitutional on its own initiative, we concluded that the court's order in Walker was not a "not true" finding, but actually an order striking the prior conviction. (Id at pp. 385-387, 107 Cal.Rptr.2d 264.) As such, we concluded that the court's order was appealable under section 1238, subdivision (a)(1). (Walker, supra, 89 Cal.App.4th at pp. 385-387,107 Cal.Rptr.2d 264.)
Here, by contrast, the order appealed from was a "not true" finding. The court found that the People had not met their burden of proving that the prior conviction qualified as a serious felony in California. No case has held that a "not true" finding is an appealable order under section 1238, subdivision (a)(1). Nor does the plain language of that subdivision support such an interpretation. The People are not appealing an order "setting aside all or any portion" of the information. Rather, they appeal from a finding that the People had not proven the prior conviction allegation. Thus, it was not "set aside" after being found true, as being unconstitutional, as in Walker, or by striking it under the court's discretionary powers. (See § 1385.) Here, there was no true finding that could be set aside or stricken. The plain language of section 1238, subdivision (a)(1) demonstrates that it does not apply where the People have failed to prove a prior out-of-state conviction.
Additionally, the nature of a prior conviction allegation proceeding demonstrates that a "not true" finding does not fall under section 1238, subdivision (a)(1). As discussed, ante, the People must prove every element of a prior conviction, including the fact that it qualifies as a serious felony under California law. (Walker, supra, 89 Cal.App.4th at p. 386, 107 Cal. Rptr.2d 264.) Further, the truth of the prior conviction must be proven beyond a reasonable doubt. (People v. Tenner (1993) 6 Cal.4th 559, 566-567, 24 Cal. Rptr.2d 840, 862 P.2d 840.) Although the question of whether a prior conviction constitutes a serious or violent felony under California law is to be determined by the court, not a jury, it still may involve factual questions related to whether the prior out-of-state conviction meets California's definition of a serious or violent felony. (People v. Kelii (1999) 21 Cal.4th 452, 456, 87 Cal.Rptr.2d 674, 981 P.2d 518.)

Thus, the court's order finding the prior conviction "not true" is functionally different from a court "setting aside" or striking a prior conviction, whether on constitutional or other grounds. The court here found that the People had not proven the truth of the prior conviction allegation. It was not stricken or set aside as unconstitutional or in the interests of justice. Because the court's order does not fit exactly within the terms of section 1238, subdivision (a)(1), that section does not provide the *7 People the right to appeal the challenged order. (People v. Salgado (2001) 88 Cal. App.4th 5, 11, 105 Cal.Rptr.2d 373 (Salgado ) ["[A]ppeals that do not fall within the exact statutory language [of section 1238] are prohibited"].)

B. Section 1238, Subdivision (a)(8)
The People next assert that thenright to appeal falls under section 1238, subdivision (a)(8), which provides for an appeal from "[a]n order or judgment dismissing or otherwise terminating all or any portion of the action." This contention is unavailing.
The court's order did not "dismiss" or "terminate" any part of the action. Rather, as discussed, ante, the court reached the merits of the prior conviction allegation, and found that the People had not met their burden of proving that it qualified as a serious felony under California law. Cases holding the People could appeal under section 1238, subdivision (a)(8) are all cases where the court formally dismissed all or part of an action, and entered judgment pursuant thereto. (See People v. Superior Court (Levy) (1976) 18 Cal.3d 248, 250-251, 133 Cal.Rptr. 624, 555 P.2d 633; Salgado, supra, 88 Cal.App.4th at pp. 9-11, 105 Cal.Rptr.2d 373.) Here, by contrast, there was no dismissal and no judgment in Sample's favor on the prior conviction allegation. Accordingly, the order appealed from does not fall within the explicit language of section 1238, subdivision (a)(8), and that section cannot grant the People appeal rights in this case.

C. Section 1238, Subdivision (a)(10)
The People last assert that their appeal falls within section 1238, subdivision (a)(10), which provides that the People may appeal from "[t]he imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence." However, section 1238, subdivision (a)(10) on its face does not apply here because no sentence was imposed in the instant case.
In People v. Douglas (1999) 20 Cal.4th 85, 82 Cal.Rptr.2d 816, 972 P.2d 151 (discussed in more detail, post), the defendant pleaded no contest to two charged felonies based upon the court's representation that both of the offenses would be treated as misdemeanors and he would be placed on probation. (Id at p. 88, 82 Cal.Rptr.2d 816, 972 P.2d 151.) The People objected to treating one of the offenses as a misdemeanor, but did not object to the grant of probation. (Ibid.) The court, immediately after the defendant's plea, suspended imposition of judgment and ordered the defendant placed on probation for three years, with stated conditions. (Id at pp. 88-89, 82 Cal.Rptr.2d 816, 972 P.2d 151.)
The People appealed, challenging the court's treatment of one charge as a misdemeanor. The California Supreme Court concluded that an appeal was authorized under another subdivision of section 1238 (discussed, post). However, the court also held that the order was not appealable under section 1238, subdivision (a)(10) because "no sentence was imposed" in that case; rather, probation was granted. (People v. Douglas, supra, 20 Cal.4th at p. 92, fn. 7, 82 Cal.Rptr.2d 816, 972 P.2d 151.) The same result is reached here. Because the court granted probation and did not impose a sentence, the People's appeal cannot fall within the terms of section 1238, subdivision (a)(10).
Because the People's appeal does not fall within any of the enumerated provisions of section 1238 cited by the People as authorizing an appeal, the appeal must be dismissed. Further, we conclude that even if the People's appeal did fall within the terms of section 1238, subdivision (a)(1) or (8), the People's appeal is still barred because *8 the effect of the People's appeal is to challenge the grant of probation, an appeal specifically prohibited by section 1238, subdivision (d).[3]

D. Section 1238, Subdivision (d)
Subdivision (d) of section 1238 prohibits the People's appeal in this case. This is so because, even though the People claim to be appealing from the underlying order determining the Texas conviction was not a strike, not the grant of probation itself, their appeal, if sustained, would necessitate reversal of the grant of probation as well.
In Robles, supra, 52 Cal.App.4th 157, 60 Cal.Rptr.2d 419, the defendant pleaded no contest to grand theft and petty theft with prior theft-related offenses. (Id. at p. 158, 60 Cal.Rptr.2d 419.) The offenses were "wobblers," punishable in the discretion of the trial court as either felonies or misdemeanors. (See § 17, subd. (b).) Robles also admitted that he had two prior serious felony convictions within the meaning of the three strikes law. As a result, he faced imprisonment for a term of 25 years to life in the event the trial court treated either of his current theft offenses as a felony. (Robles, supra, 52 Cal.App.4th at p. 159, 60 Cal.Rptr.2d 419.) Prior to being sentenced, Robles was successful in moving the court to treat both his current offenses as misdemeanors. (Ibid.) Thereafter, at sentencing the court placed Robles on three years' probation. (Ibid.)
The People appealed, asserting that (1) once Robles pleaded no contest to a wobbler charged as a felony and admitted prior serious felony convictions under the three strikes law the court could not treat the current wobbler offense as a misdemeanor; and (2) the court abused its discretion in reducing Robles current offenses to misdemeanors. (Robles, supra, 52 Cal. App.4th at p. 159, 60 Cal.Rptr.2d 419.) However, the Court of Appeal concluded that they could not reach the merits of the People's appeal as their appeal was barred by the terms of section 1238, subdivision (d). (Robles, supra, 52 Cal.App.4th at p. 159, 60 Cal.Rptr.2d 419.) In reaching this decision, the Court of Appeal held that even though the People's appeal was styled as being from the court's order granting Robles's motion to have his current offenses treated as misdemeanors, since that order was the predicate to the court's grant of probation, it was a challenge to that grant, and an appeal was barred by section 1238, subdivision (d). (Robles, supra, 52 Cal.App.4th at p. 160, 60 Cal. Rptr.2d 419.) The court held that under the clear language of that statute, the People's only recourse was a writ of mandate or prohibition filed within 60 days of the challenged order. Their failure to file a writ within the time allowed necessitated a dismissal of their appeal. (Ibid.)
After Robles was decided, the California Supreme Court addressed a similar issue in Douglas, supra, 20 Cal.4th 85, 82 Cal. Rptr.2d 816, 972 P.2d 151. There, the defendant was charged in the first count with obtaining over $400 in health care benefits by false declaration and in the second count with grand theft from the State of California. (Id. at p. 88, 82 Cal. Rptr.2d 816, 972 P.2d 151.) The defendant pleaded no contest to both charges, based on the trial court's representation that it would treat both offenses (as in Robles, wobblers) as misdemeanors and place him on three years' probation. (Ibid.) The People objected to treating the first count as a wobbler, asserting that it was a straight felony. (Ibid.) However, critical *9 to our analysis, the People did not also object to the grant of probation. (Ibid.)
After taking the defendant's plea, the court suspended imposition of judgment and ordered the defendant placed on probation. Thereafter, the court declared that, despite the People's objection, it was electing to treat the charge of obtaining health care benefits by false declaration as a misdemeanor. (Douglas, supra, 20 Cal.4th at pp. 88-89, 82 Cal.Rptr.2d 816, 972 P.2d 151.)
The People appealed, asserting that the court was without authority to reduce the first count to a misdemeanor. However, on appeal the People did not attack the validity of the probation order or urge its reversal. (Douglas, supra, 20 Cal.4th at p. 89, 82 Cal.Rptr.2d 816, 972 P.2d 151.) The Court of Appeal, concluding that the order appealed from was one "underlying" a grant of probation, held that it was not appealable under section 1238, subdivision (d). (Douglas, supra, 20 Cal.4th at p. 89, 82 Cal.Rptr.2d 816, 972 P.2d 151.)
The high court disagreed. The court first agreed with the People that the order appealed from was an appealable order under section 1238, subdivision (a)(5) as an "order made after judgment, affecting the substantial rights of the people." (§ 1238, subd. (a)(5).) The court then addressed whether or not the appeal was nevertheless barred by subdivision (d) of section 1238. In doing so, the court first noted that "[t]he patent purpose of this subdivision is to provide a means for review of assertedly illegitimate probation orders while avoiding the unfairness that could result to a defendant who, while the People's appeal from his or her probation grant is prepared, briefed, heard and decided, might serve all or a substantial part of the probationary period, only to be resentenced to a full state prison term if the People's appeal is ultimately successful. The statute limits review to writ petitions because such procedures are assumed to operate more quickly than an appeal." (Douglas, supra, 20 Cal.4th at pp. 92-93, 82 Cal.Rptr.2d 816, 972 P.2d 151.)
The court concluded that, "[c]learly, then, the People may not explicitly appeal from, and seek reversal of, [a probation] order. Further, the People concede, and we agree, that [section 1238,] subdivision (d) also prohibits appeals that, in substance, attack a probation order, even if the order explicitly appealed from may be characterized as falling within one of the authorizing provisions of [section 1238,] subdivision (a). Thus, if the People seek, in substance, reversal of the probation order, the appeal is barred by [section 1238,] subdivision (d) however they may attempt to label the order appealed from." (Douglas, supra, 20 Cal.4th at p. 93, 82 Cal. Rptr.2d 816, 972 P.2d 151, italics added.) In so concluding, the high court explicitly relied upon and approved the Robles decision. (Ibid)
However, the court then distinguished the situation with which it was presented as the People in Douglas were only attacking the court's declaring count 1 to be a misdemeanor, not the earlier grant of probation. (Douglas, supra, 20 Cal.4th at pp. 93-94, 82 Cal.Rptr.2d 816, 972 P.2d 151.) Because the People were appealing from a separate order, not a grant of probation, and because the People's appeal would not require reversal of the order granting probation, the court concluded that the People's appeal was not barred by the terms of section 1238, subdivision (d). (Douglas, supra, 20 Cal.4th at pp. 94-96, 82 Cal. Rptr.2d 816, 972 P.2d 151.) However, the court explicitly agreed with the holding in Robles, supra, 52 Cal.App.4th 157, 60 Cal. Rptr.2d 419, to the extent its holding was based upon the fact that the People in Robles in substance were attacking the grant of probation, even though they actually were appealing from an earlier order *10 that made probation possible. (Douglas, supra, 20 Cal.4th at p. 95, 82 Cal.Rptr.2d 816, 972 P.2d 151.)[4]
The court held that section 1238, subdivision (d) was inapplicable on the narrow set of facts presented because the People did not appeal from an order granting probation or "implicitly appeal from the grant of probation by seeking its reversal in their appellate briefs. The People's appeal, in other words, poses no direct threat to defendant's probation and thus could not result in his facing the unfair consequence of being committed to prison after having served all or a large part of his probationary period while the appeal was pending." (Douglas, supra, 20 Cal.4th at p. 96, 82 Cal.Rptr.2d 816, 972 P.2d 151, second italics added.)
Here, we have precisely the situation that Robles and Douglas dictate prohibits an appeal by the People. Despite their protestations to the contrary, the relief the People seek clearly and unequivocally requires a reversal of the grant of probation. In their notice of appeal, the People state they are appealing not only from the order finding not true the prior conviction allegation, but also "the imposition of an unlawful sentence." This clearly refers to the probation order. In their opening brief, the People, in stating the relief requested, first state that the court should "reverse the order eliminating the prior conviction which Samples admitted." However, when arguing how the court erred, the People assert that the error by the court in eliminating the Texas prior conviction as a strike "allowed the court to grant Samples probation." Moreover, the People request in their conclusion section that this court "remand the matter for resentencing." This is clearly a request that the probation order be reversed.
The People's position changes in thenreply brief, apparently realizing the problems facing their appeal given the statutory prohibition against the People challenging a probation order by way of appeal. The People now claim for the first time that they are in no way seeking to overturn the probation grant and would not do so on remand.[5] The People state that, "on reflection, the matter should be remanded for a new trial on the prior conviction allegation." The People now request that upon remand, "[t]he allegation should be reinstated and the parties placed back into the same respective positions they had before the trial court made its erroneous decision. Samples could then choose to withdraw his partial admission to the prior conviction and have a trial, in which he could raise his new issues, or he can simply admit that his prior conviction is a strike."
To do this, however, the grant of probation must necessarily be reversed. There *11 is no way we can place the parties "back into the same respective positions they had before the court made its erroneous decision" without reversing the court's grant of probation. Further, the trial court cannot rehear the issue of whether the Texas conviction constitutes a strike without reversing the grant of probation as well. This is because if, upon remand, the court determines that the conviction does constitute a strike, the court could not grant probation, but would be required to sentence Samples to prison. With the Texas conviction as a strike, the court would have no discretion but to sentence Samples to a prison term of up to six years in prison.
It is true that the court might have the discretion to dismiss the strike. (See § 1385.) However, even if the People did not oppose such a request, the court would not be required to dismiss the strike and could sentence Samples to prison. Simply put, there is no way to reinstate the prior strike conviction allegation and place the parties in the same situation they were in before the court found not true that allegation without also reversing the probation order as well. The People's appeal poses a "direct threat to defendant's probation" and therefore is barred by section 1238, subdivision (d). (Douglas, supra, 20 Cal.4th at p. 96, 82 Cal.Rptr.2d 816, 972 P.2d 151.)
A consideration of the People's appeal on the merits presents the precise potential for inherent unfairness that forms the policy basis for the rule that the People may not appeal from grants of probation. By the time of our decision, Samples will have completed his county jail time and approximately one year of his probationary period. A reversal of the grant of probation would require, or at least make Samples potentially subject to, imprisonment, without any credit toward that prison sentence. These facts prevent consideration of the People's appeal on the merits. (Douglas, supra, 20 Cal.4th at pp. 92-93, 82 Cal.Rptr.2d 816, 972 P.2d 151.)
The People also assert that a recent opinion by the California Supreme Court, People v. Statum (2002) 28 Cal.4th 682, 122 Cal.Rptr.2d 572, 50 P.3d 355 (Statum), casts doubt upon the continued viability of the Douglas decision's statement that it would be unfair to allow an appeal that effectively challenges a grant of probation because of the danger that a defendant would serve his or her probationary period, only to later be sentenced to prison if the challenged order is reversed. However, Statum did not disapprove this rule.
In Statum, the sentencing court, over the People's objection, reduced the defendant's conviction from a felony to a misdemeanor, and imposed county jail time. The People appealed, and the defendant, relying on Douglas, asserted that it would be unfair to allow an appeal because the defendant would receive a prison term if the court's order were reversed. However, in rejecting the defendant's argument, the court first noted that "[t]he absence of a grant of probation distinguishes this case from Douglas...." (Statum, supra, 28 Cal.4th 682, 688, 122 Cal.Rptr.2d 572, 50 P.3d 355.) This fact alone makes Statum inapplicable to our situation. Moreover, the court in Statum relied upon case law in deciding that it was not "unfair" to correct a sentence that was not properly imposed. (Id at pp. 695-697, 122 Cal.Rptr.2d 572, 50 P.3d 355.) In Douglas by contrast, the court looked to section 1238, subdivision (d) itself, and the legislative history of that statute, which indicated that the unfairness issue was precisely why subdivision (d) was enacted. (Douglas, supra, 20 Cal.4th at p. 93, fn. 8, 82 Cal.Rptr.2d 816, 972 P.2d 151.) Statum did not reverse the Douglas court's holding that the People cannot appeal an order that directly or indirectly challenges a grant of probation.
*12 The People were required to seek appellate review of the court's order finding not true the prior Texas conviction strike allegation by way of petition for writ of mandate or prohibition within 60 days of that order. Because they did not do so, we have no choice but to dismiss this appeal. (§ 1238, subd. (d); Robles, supra, 52 Cal.App.4th at pp. 160-161, 60 Cal. Rptr.2d 419.)[6]

DISPOSITION
The appeal is dismissed.
WE CONCUR: KREMER, P.J., and BENKE, J.
NOTES
[1] All further statutory references are to the Penal Code.
[2] Because this matter was resolved by a plea agreement, we take the factual background from the probation report in this matter.
[3] The People's appeal would not be barred by section 1238, subdivision (d) if it were a challenge to an unlawful sentence under section 1238, subdivision (a)(10) because that section allows an appeal "whether or not the court suspends the execution of the sentence."
[4] The only disagreement that the court had with Robles was to the extent that it could be interpreted to mean that "imposition of an unlawful sentence, appealable under section 1238, subdivision (a)(10), is made nonappealable by the sentencing court's subsequent suspension of execution and grant of probation." (Douglas, supra, 20 Cal.4th at p. 95, 82 Cal.Rptr.2d 816, 972 P.2d 151.) This is so because section 1238, subdivision (a)(10) makes an unlawful sentence appealable "whether or not the court suspends the execution of the sentence." However, as discussed, ante (see fn. 3), section 1238, subdivision (a)(10) has no application here because the court did not impose a sentence and then suspend its execution. Rather, the court did not sentence Samples at all, but granted probation in the first instance. Therefore, there was no sentence here that could be argued to be unlawful. (Douglas, supra, 20 Cal.4th at p. 92, fn. 7, 82 Cal.Rptr.2d 816, 972 P.2d 151.)
[5] Samples has objected to the court considering this new argument raised for the first time in the People's reply brief, and has requested that we strike all or a portion of that brief. However, based upon our decision in this matter, we need not rule upon that request.
[6] The People assert that writ review would not have been adequate in this case because the California Supreme Court did not decide Avery until January 17, 2002, well after the 60 day time limit for filing a writ. However, the fact that there was a split in authority on the issue presented by the People's appeal (see Avery, supra, 27 Cal.4th at pp. 54-55, 115 Cal.Rptr.2d 403, 38 P.3d 1) at the time a writ would have to be filed, did not prevent the People from filing an appeal seeking the same relief. Moreover, although the Avery decision was not decided until after the time People would have had to file their writ petition (November 30, 2001), it is unlikely that if the petition had been considered on the merits that it would have been disposed of before the Avery decision was rendered approximately six weeks later.