130 Cal.Rptr.2d 530 (2003)
106 Cal.App.4th 194
The PEOPLE, Plaintiff and Appellant,
v.
Melvin Frederick DALE, Defendant and Respondent.
No. H024067.
Court of Appeal, Sixth District.
January 21, 2003.
Review Granted April 30, 2003.
*531 George W. Kennedy, Office of the District Attorney, Judith B. Sklar, Deputy District Attorney, for Plaintiff and Appellant.
Jose R. Villarreal, Office of the Public Defender, Barbara B. Fargo, Seth Flagsberg, and Ross McMahon, Deputy Public Defenders, for Defendant and Respondent.
PREMO, Acting P.J.
Defendant Melvin Frederick Dale pled no contest to possessing cocaine and being under the influence of a controlled substance. Thereafter, the court as trier of fact found "not true" the allegation that he suffered a "strike" prior in Alameda County in 1991. (Pen.Code, §§ 667, subds.(b)(i), 1170.12.)[1] The court did not believe the victim's preliminary hearing testimony that defendant slashed at her with a bottle during an assault (§ 245, subd. (a)(1), hereafter § 245(a)(1)) and therefore found the evidence insufficient to show personal use of a deadly or dangerous weapon. The People appeal contending that the judge "erred as a matter of law in reweighing the evidence and judging the credibility of the victim who was not before him" and in substituting his judgment for that of the magistrate at the preliminary hearing. We have requested that the parties brief the issue whether section 1238 authorizes a People's appeal of the trial court's order.

FACTS
On June 17, 2001, defendant was arrested in San Jose for possession of cocaine and being under the influence of a controlled substance. He was charged with violating Health and Safety Code section 11350 (possession of cocaine) with allegations that he suffered three prior convictions, two "strike" priors and one "prison" prior. (§ 667.5, subd. (b).) On July 20, 2001, one "strike" prior was dismissed and a misdemeanor charge of being under the influence of a controlled substance (Health & Saf.Code, § 11550, subd. (a)) was added. Defendant pled no contest to both counts and the matter was set for a court trial on the prior assault.
The prior assault did not proceed to trial. Defendant was convicted on his plea of nolo contendere. The parties stipulated to a factual basis, but did not state the facts or stipulate to the preliminary hearing transcript or a police report as a basis for the plea. The information charged defendant with "assault [victim] with a deadly weapon, to wit: a broken bottle, and by means of force likely to produce great bodily injury." At the change of plea, defendant was asked, "to a violation of Section 245(a)(1) as alleged in Count One of the Information, what is your plea?" However, the prosecution dismissed the personal use of a weapon allegation of count 1 and a second unspecified count "in the interest of justice." The change of plea minute order described the offense as assault by means of force likely to produce great bodily injury with the notation that "[o]n motion of the deputy *532 district attorney, Count Two and Use Clause as to the First Count were DISMISSED." (Original emphasis.)
At the court trial on the prior, the People submitted the victim's preliminary hearing testimony to establish that the assault was a "serious" felony. In order for a section 245(a)(1) prior to qualify as a "serious" felony, it must be shown either that the defendant personally used a dangerous or deadly weapon (§ 1192.7, subd. (c)(23)) or that the defendant personally inflicted great bodily injury (§ 1192.7, subd. (c)(8)). An assault committed only by means of force likely to produce great bodily injury or by aiding and abetting the perpetrator who personally used the weapon does not qualify as a "serious" felony. (People v. Rodriguez (1998) 17 Cal.4th 253, 261, 70 Cal.Rptr.2d 334, 949 P.2d 31.) The prosecutor asserted "defendant Dale had slashed at the victim and cut her with a broken beer bottle."
However, after reading the transcript, the trial court stated that "in reviewing the testimony, ... everyone in this particular case, the victim, her husband, she admitted, had consumed large quantities of alcohol and that her judgment and her testimony would be vague, at the most, regarding what exactly happened and how, all of the [sic] sudden, a stranger finds his way into her room while her husband is across the street buying liquor. There was no detail as to how that occurred." The court concluded that the victim's testimony was "suspect" and that her testimony about her alcohol consumption and what happened was "vague enough to where the court cannot believe it, and therefore will not make the finding that the transcript is sufficient to show personal use." The court also stated that it was "clear from the documents presented by the prosecution, that the intent of the parties was that the defendant plead to a [section] 245(a)(1) with force likely to produce great bodily injury."
The court placed defendant on probation on condition he serve 277 days in custody with credit for 277 days served. This appeal ensued.

ISSUES ON APPEAL
The People assert that although "the preliminary examination transcript was an appropriate and legal method of proving the prior, [the court] erred in relitigating the issue by going beyond the document itself and assessing the credibility of the victim, ..." The People also contend it is irrelevant on the issue whether the prior assault constitutes a "serious" felony that the district attorney in that case dismissed the personal use allegation when defendant pled guilty to it. Therefore, the trial court's reliance upon that dismissal to hold that the prior conviction was not a "strike" prior constitutes reversible error.

APPEALABILITY
The People claim that "the trial court used an improper standard to determine whether there was personal use of a deadly weapon in this case, thus resulting in a court order that falls within the category of appeals" authorized by section 1238, subdivisions (a)(1) and (a)(10) (hereafter, subdivision (a)(1), etc.).
"[T]he People have no right of appeal in criminal cases except as granted by statute. [Citations.] Statutory restriction of the People's right to appeal in criminal cases does not merely establish a procedural limitation to allocate appellate review between direct appeals and extraordinary writs. It substantively limits review of trial court determinations in criminal trials. [Citation.]" (People v. Kirk (1992) 7 Cal.App.4th 855, 859-860, 9 Cal.Rptr.2d 270.)
*533 The parts of section 1238, subdivision (a), on which the People rely for this appeal are "(1) An order setting aside all or any portion of the indictment, information, or complaint" and "(10) The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence, ... As used in this paragraph, `unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction."
We find the People's appeal to be not authorized by either of these subdivisions. As for subdivision (a)(1), the trial court's "not true" finding did not "set aside" all or any portion of the charging document. (People v. Samples (2002) 104 Cal.App.4th 76, 83, 128 Cal.Rptr.2d 1.) Defendant pled no contest to the substantive charge and denied the truth of the allegation of the prior conviction thus placing it in issue to be determined by a trial. Section 1025, subdivision (b), provides that "the question of whether or not the defendant has suffered the prior conviction shall be tried ... in the case of a plea of guilty or nolo contendere, by a jury impaneled for that purpose, or by the court if a jury is waived." A jury was waived in this case; the trial court received evidence and came to a determination based on the evidence that the prior conviction was not true. The court's finding was not made before trial and did not preclude a trial.
"In [People v.] Mitchell [(2000)] 81 Cal. App.4th 132, 96 Cal.Rptr.2d 401 we [the court of appeal] held that retrial was barred where the prosecution had a full and fair opportunity to present its proof on the truth of the prior conviction in that case. We noted that there were no evidentiary errors of the trial court that prevented the prosecution from presenting its proof at the first trial. Thus, central to our decision to bar retrial was the absence of judicial error that could have prevented the prosecution from making its case. (Id. at p. 136 [96 Cal.Rptr.2d 401].)" (People v. Walker (2001) 89 Cal.App.4th 380, 385, 107 Cal.Rptr.2d 264.)
Absence of judicial error is germane in our case, also. The People claim the trial court "erred in relitigating the issue [of personal use of a dangerous weapon] by going beyond the [preliminary examination transcript] itself and assessing the credibility of the victim, or lack thereof." The People reason that because live witnesses may not be called to testify to the criminal acts in the prior case (People v. Reed (1996) 13 Cal.4th 217, 229, 52 Cal.Rptr.2d 106, 914 P.2d 184), and because the "preliminary hearing testimony by the victim was uncontroverted and clearly established that the defendant personally used the broken beer bottle to ... cut the victim[,][t]he court's ruling that the victim's testimony was not believable is tantamount to going beyond the record and relitigating the issue that was already proven." The People claim the trial court erred in "substitut[ing] its judgment for that of the magistrate who was present and heard the testimony of the victim ... and held the defendant to answer to the charges."
"Determining whether a prior conviction qualifies as a strike under the Three Strikes law is ... the type of inquiry that judges traditionally perform as part of the sentencing function. Often this determination is purely legal with no factual content whatever.... [¶] Sometimes the determination does have a factual content .... [¶][b]ut these factual questions are of limited scope. In determining whether a prior conviction is serious, `the trier of fact may look to the entire record of the conviction' but `no further.' [Citation.] Thus, no witnesses testify about the facts of the *534 prior crimes. The trier of fact considers only court documents. It is true that sometimes the trier of fact must draw inferences from transcripts of testimony or other parts of the prior conviction record. [Citation.] But the factual inquiry, limited to examining court documents, is not significantly different from the one we [the California
Supreme Court] considered in [People v.] Wiley [(1995) 9 Cal.4th 580, 590 [38 Cal.Rptr.2d 347, 889 P.2d 541], original italics]. `[S]uch facts generally are readily ascertainable upon an examination of court documents. This is the type of inquiry traditionally performed by judges as part of the sentencing function.' [Citation.]" (People v. Kelii (1999) 21 Cal.4th 452, 456-57, 87 Cal.Rptr.2d 674, 981 P.2d 518.)
At the trial on the prior in our case, the preliminary hearing transcript of the victim's testimony was admissible as "testimony given under oath in: [¶] (a) Another action...." (Evid.Code, § 1290.) It was offered against defendant, who "was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing." (Evid.Code, § 1291, subd. (a)(2).) The testimony originally was presented to a magistrate for the purpose of "determining whether or not there is `sufficient cause' to believe defendant guilty of a public offense. (See Pen. Code, §§ 871, 872.) The term `sufficient cause' is generally equivalent to `reasonable and probable cause,' that is, such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused. [Citation.] ... `Of course, the probable cause test is not identical with the test which controls a jury.... The jury must be convinced to a moral certainty and beyond a reasonable doubt of the existence of the crime charged in the information and of every essential element of that crime. But a magistrate conducting a preliminary examination must be convinced of only such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused. [Citations.] In other words, "Evidence that will justify a prosecution need not be sufficient to support a conviction.... An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citations.]"'" (People v. Uhlemann (1973) 9 Cal.3d 662, 667, 108 Cal.Rptr. 657, 511 P.2d 609.)
"Within the framework of his limited role, ... the magistrate may weigh the evidence, resolve conflicts, and give or withhold credence to particular witnesses [citation]. In other words, in assisting him in his determination of `sufficient cause,' the magistrate is entitled to perform adjudicatory functions akin to the functions of a trial judge. Yet the proceeding is not a trial, and if the magistrate forms a personal opinion regarding the guilt or innocence of the accused, that opinion is of no legal significance whatever in view of the limited nature of the proceedings." (People v. Uhlemann, supra, 9 Cal.3d at p. 667, 108 Cal.Rptr. 657, 511 P.2d 609.) The trial judge in this case was not bound to regard the magistrate's finding that there was cause to bind defendant over for trial as an adjudication of the truth of the matters testified to by the witness.
In considering the testimonial evidence contained in the transcript, Evidence Code section 1291, subdivision (b), requires the trier of fact to consider the former testimony "as though the declarant were testifying at the hearing, ..." Therefore, the *535 trier of fact may consider the credibility of the witness. In determining credibility, the trier of fact may consider "any matter that has any tendency in reason to prove or disprove the truthfulness of his testimony at the hearing, including but not limited to any of the following: [¶] (a) ... the manner in which he testifies. [¶] (b) The character of his testimony. [¶] (c) The extent of his capacity to perceive, to recollect, or to communicate any matter about which he testifies. [¶] (d) The extent of his opportunity to perceive any matter about which he testifies. [¶] (e) His character for honesty or veracity or their opposites. [¶] (f) The existence or nonexistence of a bias, interest, or other motive. [¶] (g) A statement previously made by him that is consistent with his testimony at the hearing. [¶] (h) A statement made by him that is inconsistent with any part of his testimony at the hearing. [¶] (i) The existence or nonexistence of any fact testified to by him. [¶] (j) His attitude toward the action in which he testifies or toward the giving of testimony. [¶] (k) His admission of untruthfulness." (Evid.Code, § 780.)
Where the evidence consists of the testimony of a single witness, juries are instructed they should, and the court may also, "give the testimony of a single witness whatever weight you think it deserves. Testimony by one witness which you believe concerning any fact is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of that fact depends." (CALJIC No. 2.27.) The trier of fact is free to reject the testimony of a witness even where that testimony is uncontradicted. (People v. Anderson (1966) 243 Cal. App.2d 243, 247, 52 Cal.Rptr. 201.)
Here, the court properly considered the credibility of the witness; thus the prosecution was not prevented by judicial error from fully presenting its case. Consequently, the "not true" finding may not be appealed. (People v. Walker, supra, 89 Cal.App.4th at p. 385, 107 Cal.Rptr.2d 264.)
Next, as for subsection (a)(10), the "not true" finding did not result in a "sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of a[] ... prior conviction." (Subsection (a)(10).) A factual finding after hearing evidence adduced at a trial is not an order "striking'' the prior conviction. "Striking an enhancement is tantamount to dismissing it. [Citation.]" (People v. Aubrey (1998) 65 Cal.App.4th 279, 284, 76 Cal.Rptr.2d 378.) The "not true" finding in the instant case resulted from a factual finding by a trier of fact which caused it to reject the allegation that the prior assault constituted a "serious" felony as listed in section 1192.7. Upon reviewing the evidence (which the prosecution had a full and fair opportunity to present), the court found insufficient evidence of personal use of a deadly and dangerous weapon. "It has been attempted upon this appeal to review the soundness of the court's ruling upon the rejection of evidence. We are clear that no such question can be raised." (People v. Roberts (1896) 114 Cal. 67, 69, 45 P. 1016.) Neither of the People's justifications for the appeal applies.
The People also state "there is no double jeopardy bar to retrial of the prior conviction in the instant case, and there is no constitutional barrier to the People's appeal." The People cite People v. Monge (1997) 16 Cal.4th 826, 66 Cal.Rptr.2d 853, 941 P.2d 1121 (Monge) for this proposition. Monge stated: "Even when ... the prior conviction trial involves some factual point relating to the prior crime, such as whether the defendant acted personally, the proceeding is not like `the trial on guilt' [citation] because the prosecution may only present evidence from the record *536 of the prior conviction [ (original italics) ] [citation]. . . .[¶] . . . [T]he prior conviction trial merely determines a question of the defendant's continuing status, irrespective of the present offense, and the prosecution may reallege and retry that status in as many successive cases as it is relevant [ (italics added) ] [citations], even if a prior jury has rejected the allegation [citation]. If a jury rejects the allegation, it has not acquitted the defendant of his prior conviction status. [Citation.] `A defendant cannot be "acquitted" of that status any more than he can be "acquitted" of being a certain age or sex or any other inherent fact.' [Citation.]" (Id. at pp. 838-839, 66 Cal.Rptr.2d 853, 941 P.2d 1121.)
As we read Monge, the Supreme Court allows that a jury or court as trier of fact may reject an allegation on one occasion, and the allegation stays rejected for that occasion. However, on the trial of another offense, the prosecution may allege and try the previously rejected allegation. We do not read Monge as authorizing the prosecution to retry an allegation with a new trier of fact in the same case where the original trier of fact rejected it. We conclude that the prosecution in this case may not retry the prior conviction allegation and that the People's appeal is not authorized by section 1238.
Finally, defendant in this case was granted probation. "Subdivision (d) of section 1238 prohibits the People's appeal in this case. This is so because, even though the People claim to be appealing from the underlying order determining the [prior] conviction was not a strike, not the grant of probation itself, their appeal, if sustained, would necessitate reversal of the grant of probation as well." (People v. Samples, supra, 104 Cal.App.4th at p. 86, 128 Cal.Rptr.2d 1.) "The People were required to seek appellate review of the court's order finding not true the prior ... conviction strike allegation by way of petition for writ of mandate or prohibition within 60 days of that order. Because they did not do so, we have no choice but to dismiss this appeal. [Citations, fn. omitted.]" (Id. at pp. 90-91, 128 Cal. Rptr.2d 1.)

DISPOSITION
The appeal is dismissed.
WE CONCUR: ELIA and RUSHING, JJ.
NOTES
[1] Further statutory references are to the Penal Code unless otherwise stated.