Filed 10/5/15  P. v. Williams CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067567 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD232839) |
| JAMES MICHAEL WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant James Michael Williams of rape and two counts of forcible oral copulation.  In a bifurcated proceeding, the trial court found true the allegations defendant was a habitual sex offender, had suffered a prior serious felony,

had served a prior prison term and had been convicted of two strike priors. The court for each of the three counts imposed a 25-years-to-life term under the habitual sex offender statute (Pen. Code,[1] § 667.71), which terms were then tripled to 75 years to life under the three strikes law (§ 667, subd. (e)(2)(A)(i)), which sentences were to run consecutively for a total indeterminate term of 225 years to life. In addition, for each count the court imposed a five-year term for the serious felony prior conviction (§ 667, subd. (a)(1)), and a one-year term for the prior prison term (§ 667.5, subd. (b)), for a total determinate term of 18 years.

On appeal, we reversed the true finding for one of the prior strike convictions (i.e., the Oklahoma kidnapping) but otherwise affirmed the judgment of conviction. (*People v. Williams* (Sept. 30, 2014, D063742) [nonpub. opn.] (*Williams*).) The record shows the district attorney on remand elected not to retry defendant on the Oklahoma kidnapping strike prior.

At the sentencing hearing that is the subject of the instant appeal, the trial court sentenced defendant to 25 years to life on each of the three counts, with the sentences to run consecutively, doubled (rather than tripled, as before) under the three strikes law to 50 years to life, for a total indeterminate term of 150 years. The court for the same reasons also imposed the determinate term of 18 years.

Defendant timely appealed from the judgment following his resentence. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel filed a brief on

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

behalf of defendant setting forth the facts of the case and requesting this court review the entire record. In addition, pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel set forth the following possible, but not arguable, issues to assist our *Wende* review with respect to defendant's resentencing: (1) whether the trial court abused its discretion by failing to strike defendant's strike and impose concurrent, as opposed to consecutive, sentences on counts 1, 2 and 3; (2) whether the trial court erred by denying defendant a copy of his transcripts; and (3) whether the five-year and one-year terms for prior convictions could be imposed on each count.

On our own motion, we gave defendant 30 days to file a brief with this court. In response, defendant filed a 22-page brief with voluminous attachments, and a "clarification" to his brief (together, supplemental brief), which we have reviewed and considered in connection with this opinion.[2]

## OVERVIEW[3]

In March 2011, the victim (L.B.) and her friend met defendant in a bar. Defendant asked the victim if she was interested in modeling a line of high-quality clothing. After the bar closed, the victim and her friend agreed to go to defendant's RV, as the victim was interested in the modeling opportunity. At the RV, the group continued drinking until

---

[2]   As discussed *post*, we note that most of defendant's arguments in his supplemental brief go to issues germane to the previous appeal that are not currently before us, which merely involved his resentencing.

[3]   This summary is derived from our previous opinion.

3

about 3:30 or 4:00 a.m., when defendant told the victim's friend he wanted to speak with the victim alone. (*Williams*, *supra*, D063742 [at p. *2].)

After the victim's friend left, defendant told the victim he wanted to have sex with her. Victim said she wanted to model for defendant but declined to have sex with him. Defendant left in his car and returned a short time later with cigarettes. Concerned by defendant's behavior, the victim asked him what "was going on." (*Williams*, *supra*, D063742 [at p. *3].) In response, defendant offered the victim $10,000 to "lick [her] pussy." (*Ibid.*) When the victim started to leave, defendant became aggressive, stood by the door and told her she was not going anywhere. Defendant next "pulled out something" from a drawer that the victim thought was a knife, held the object to her throat and said she was not leaving. (*Id.* [at pp. *3-4].)

Defendant allegedly had a "change of heart" and told the victim she could leave if she did not want to be with him. (*Williams*, *supra*, D063742 [at p. *4].) When the victim told defendant she wanted to leave, defendant responded by punching her in the face with his fist and by demanding she get undressed. Afraid defendant would hurt or even kill her, the victim engaged in sexual activity with him, including two acts of oral copulation and sexual intercourse. During the course of the assault, defendant told the victim he owned a gun; he would slit her through if she contacted police; and he would drive her to the Hells Angels' headquarters where a copy of her driver's license would be made so her residence was known. (*Id.* [at pp. *4-5].)

4

The victim escaped from the RV when defendant fell asleep. (*Williams*, *supra*, D063742 [at p. *5].) Before leaving, the victim grabbed a "wad of cash" that defendant had shown her earlier that night. (*Ibid.*) The victim ran to her friend's home, and they called police. (*Ibid.*)

At trial, defendant's jailmate testified that while in custody together, defendant solicited him to seek out witnesses who would fabricate testimony to show he was robbed by the victim and her friend and to show he had a history of consensual sexual activity with women. (*Williams*, *supra*, D063742 [at p. *6].) On release, defendant's jailmate gave the district attorney the written instructions defendant had provided for purposes of securing this fabricated testimony. When defendant's jailmate was subsequently incarcerated for a parole violation, he was assaulted by other inmates for being a "rat" against defendant. (*Ibid.*)

Prior sex offense victim C.B. also testified at defendant's trial. (*Williams*, *supra*, D063742 [at p. *6].) She described a 1984 sexual assault defendant committed in Oklahoma, which took place when she was working the graveyard shift at a convenience store. In this assault, defendant lured C.B. outside, put a knife to her throat and demanded she leave with him on his motorcycle or risk death. C.B. testified she left with defendant, who drove her to various remote locations. At one location, he forced C.B. to orally copulate him, and at another location, he raped her. During the course of this incident, defendant repeatedly threatened to kill C.B., and at one point he choked her to

5

the point of unconsciousness. After arrest, defendant pleaded guilty to kidnapping for extortion with the intent to rape *and* for rape of C.B. (*Id.* [at pp. *6-7].)

As noted, the jury in the instant case found defendant guilty on count 1 of rape and on counts 2 and 3 of forcible oral copulation. (*Williams*, *supra*, D063742 [at p. *7].) Based on his 1984 Oklahoma conviction, the trial court found true that defendant had served the prior prison term and that defendant qualified under California law for purposes of the habitual sex offender, prior serious felony and strike allegations. As also noted, the trial court initially sentenced defendant to an indeterminate term of 225 years to life and to a determinate term of 18 years. (*Id.* [at pp. *8-9].)

In his first appeal, we rejected defendant's contention the trial court erred when it admitted over objection the evidence of his prior sex offense in Oklahoma. (*Williams*, *supra*, D063742 [at p. *9].) However, with respect to sentencing, we agreed with defendant that the trial court erred in using the Oklahoma *kidnapping* conviction as a strike under the three strikes law because kidnapping in Oklahoma did not require movement, whereas kidnapping in California required asportation (i.e., movement of the victim). (*Id.* [at p. *19] [comparing § 207 with Okl. Stat. tit. 19, §§ 741 & 745].)[4] In analyzing this issue, we then noted that defendant did not challenge the imposition of the 25-years-to-life term under the habitual sex offender statute (*Id.* [at pp. *15-16]), nor did

_____

[4]     Although C.B. testified in the trial related to the *current* victim that she rode on defendant's motorcycle during the 1984 Oklahoma incident, we concluded such evidence was inadmissible because C.B.'s testimony in the *current* case was *after* defendant's 1984 conviction and thus could not be considered as part of that record of conviction. (See *Williams*, *supra*, D063742 [at p. *22], citing *People v. Kelii* (1999) 21 Cal.4th 452, 456-457.)

he dispute that his Oklahoma *rape* conviction qualified as a strike prior conviction and a serious felony prior conviction under California law (*Id.* [at p. *16]).

We thus reversed the judgment as to the strike prior conviction finding based on the Oklahoma *kidnapping* conviction and as to the sentence. In all other respects, we affirmed the judgment of conviction. On remand, we noted if the prosecutor elected not to retry the strike prior or after any such retrial, the court was to resentence defendant accordingly. (*Williams*, *supra*, D063742 [at p. *28].)

## DISCUSSION

The first potential issue raised by appointed counsel is whether the trial court abused its discretion in connection with defendant's resentencing. It is axiomatic that trial courts have broad discretion to dismiss or "strike" a prior strike conviction (*People v. Leavel* (2012) 203 Cal.App.4th 823, 837) and/or to decide whether concurrent or consecutive sentences are appropriate (*People v. Clancey* (2013) 56 Cal.4th 562, 579; *People v. Leon* (2010) 181 Cal.App.4th 452, 468). "In the absence of a clear showing of abuse, the trial court's discretion in this respect is not to be disturbed on appeal. [Citation.] Discretion is abused when the court exceeds the bounds of reason, all of the circumstances being considered." (*People v. Bradford* (1976) 17 Cal.3d 8, 20.)

Here, we conclude the trial court properly exercised its discretion when it refused to strike defendant's strike prior based on his 1984 Oklahoma *rape* conviction and when it imposed consecutive, in contrast to, concurrent sentences on counts 1-3. Indeed, the record here clearly shows that the trial court "expressly" found it had such discretion and

7

expressly rejected defendant's argument that his deteriorating health warranted imposing an indeterminate term of 25 years to life on each count, to run concurrently, after striking his strike prior.

In light of the violent nature of the crime involving the victim and defendant's serious criminal history as shown by his 1984 Oklahoma conviction, we conclude the trial court properly exercised its discretion when it refused to strike defendant's prior *rape* conviction and when it imposed consecutive sentences on each of the three counts.

The next potential issue raised by appointed counsel concerns a "pro per motion," ostensibly filed by defendant in the trial court, requesting copies of unspecified transcripts and records. We note that there does not appear to be any such motion in the appellate record and that such motion has little or nothing to do with defendant's resentencing. In any event, we conclude the trial court did not abuse its discretion when it denied the motion, as the record shows the court told defendant that he could obtain such information from appellate counsel and there is no indication from the record that defendant was unable to do so.

The last potential issue identified by appointed counsel—whether the five-year and one-year terms for prior convictions could be imposed on each of the three counts— was addressed in our previous opinion (see *Williams*, *supra*, D063742 [at p. *8, fn. 3]), where we relied on *People v. Williams* (2004) 34 Cal.4th 397, 400, 402-405 to conclude the serious felony and prison term enhancements applied to each of the three counts because the sentences for these counts were indeterminate rather than determinate terms.

As noted, defendant also raised a series of contentions in his supplemental brief, including that: (1) the trial court erred in admitting evidence of his 1984 Oklahoma conviction because the evidence was insufficient and/or inadmissible to support that conviction and because in any event, the admission of such evidence violated his constitutional rights; and (2) the trial court abused its discretion in imposing consecutive as opposed to concurrent sentences on each of the three counts.

As to defendant's first contention, these issues were fully litigated in defendant's first appeal and were the subject of extensive discussion in our previous opinion in this case. As such, those issues are not now properly before us in this, defendant's second, appeal, which as noted merely involved his resentencing.

As to defendant's second contention (which appointed counsel also raised), based on the violence of the crime against the victim in this case and in light of defendant's violent criminal history as shown by his 1984 Oklahoma conviction, we conclude that the trial court properly exercised its broad discretion when it sentenced him to consecutive terms on each of the three counts. (See *People v. Jordan* (1986) 42 Cal.3d 308, 316 [noting that sentencing determinations are within a trial court's broad discretion and a court of review will affirm such determinations unless there is a "showing that the [sentencing] court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice"].)

Finally, a review of the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable appellate issues in connection with defendant's resentencing.

DISPOSITION

The judgment of conviction, including the sentence imposed thereon, is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.